314 So.2d 350 (1975)
Jeanette Jean TRAHAN et al.
v.
LIBERTY MUTUAL INSURANCE COMPANY and the Insurance Company of North America.
No. 55683.
Supreme Court of Louisiana.
May 29, 1975.
Rehearing Denied June 20, 1975.
*351 Richard E. Gerard, Scofield, Bergstedt & Gerard, Lake Charles, John G. Torian, II, Davidson, Meaux, Onebane, Donohoe, Bernard, Torian & Diaz, Lafayette, for defendants-applicants.
Thompson & Sellers, Roger C. Sellers and Durwood W. Conque, Paul G. Moresi, Jr., Broussard, Broussard & Moresi, Abbeville, for plaintiffs-respondents.
CALOGERO, Justice.
On February 19, 1970, four men, Josef Chrzanowski, John Hollier, Obra Suire and Lennis Landry, were killed when a slab of salt fell upon them in a salt mine owned and operated by Diamond Crystal Salt Company on Jefferson Island, Louisiana. Widows of each decedent filed suit for themselves and on behalf of their minor children against six named executive officers of Diamond Crystal[1] and their liability insurers, Liberty Mutual Insurance Company and The Insurance Company of North America. These four suits were consolidated for trial and appeal. A jury verdict was returned absolving all defendants of liability. That verdict was affirmed by the Court of Appeal and writs were denied by this Court. Trahan v. Liberty Mutual Insurance Company, 273 So.2d 331 (La.App.3rd Cir.), cert. denied, La., 275 So.2d 791 (1973).
Within a year of the final judgment in the initial suits, second suits were filed by two of the original plaintiffs on behalf of themselves and their minor children against the same insurers, Liberty Mutual and I. N. A. Jeanette Jean Trahan, widow of John Hollier, alleged that the fatal accident was the result of negligence of an insured, Josef Chrzanowski. Oliva Nunez, widow of Obra Suire, alleged that the accident was the result of the negligence of two insureds, Chrzanowski and John Hollier.
Defendants filed peremptory exceptions of prescription and res judicata. The District Court sustained the prescription exception. As a result it did not consider the res judicata exception. The Court of Appeal reversed, finding no merit in either exception and ordered the case remanded for trial on the merits. Trahan v. Liberty Mutual Insurance Company, 303 So.2d 606 (La.App. 3rd Cir. 1974); Nunez v. Liberty Mutual Insurance Company, 303 So.2d 616 (La.App. 3rd Cir. 1974).
We granted writs upon application of the defendant insurers. Trahan v. Liberty Mutual Insurance Company, 305 So.2d 538 (La.1975); Nunez v. Liberty Mutual Insurance Company, 305 So.2d 538 (La.1975).
These two suits were consolidated in the District Court, Court of Appeal and in this Court. We are this day rendering a separate opinion in the second suit. See Nunez v. Liberty Mutual Insurance Company, La., 314 So.2d 356.
We find merit in the exception of prescription and accordingly reverse the judgment of the Court of Appeal.
Tort actions prescribe in one year. La. C.C. art. 3536. Thus, the instant suit filed March 1, 1974 (Mrs. Suire's companion suit was filed December 6, 1973), approximately four years after the accident, is not timely, absent a suspension or interruption of prescription.
*352 The question posed is whether the first suit, insofar as it was against the defendant insurance companies as liability insurers of six named executive officers, interrupted prescription so that plaintiff Jeanette Jean Trahan Hollier may now sue the same defendant insurers, this time as liability insurers of Chrzanowski.[2]
Plaintiff argues that prescription on the instant suit was interrupted by the first suit against the defendant insurers and the six named executive officers, relying upon R.S. 9:5801 and La.C.C. art. 2097:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process." R.S. 9:5801, as amended by Act 31 of 1960.
"A suit brought against one of the debtors in solido interrupts prescription with regard to all." La.C.C. art. 2097.
Turning first to the interruption of prescription founded upon R.S. 9:5801 ("All prescriptions affecting the cause of action therein sued upon are interrupted . .") plaintiff asserts that the cause of action of both suits is identical. Thus the first suit on that cause of action served to interrupt prescription on the instant suit. Defining the cause of action as "the situation or set of facts which entitles a party to sustain an action," Hope v. Madison, 192 La. 593, 606, 188 So. 711, 715 (1939), plaintiff argues that "both . . . [claims] are asserted as wrongful death actions resulting from the accident in the salt mine caused by the negligence of relators' insureds: only the defendants named are different." The argument is also made that "the sole jurisprudential limitation on the application of LSA-R.S. 9:5801 is that the defendant is timely put on notice that damages are being claimed as a result of its negligence," Mid-States Insurance Company v. Fireman's Fund Insurance Company, 240 So.2d 908 (La.App. 4th Cir. 1970). This notice requirement, it is argued, was fulfilled by the first suit.[3] Further plaintiffs argue that "when read fully and in the proper perspective, R.S. 9:5801 requires only that the prescription under scrutiny must affect in some concrete manner the cause of action sued upon. . . [T]he inquiry must be made as to whether the prescription under discussion can be said to affect in a concrete way the cause of action stated in the original suits. Certainly, it cannot be denied that the claims now before the court are related to the original claims in this respect at the very least." Thus plaintiff's interpretation of the first clause of R.S. 9:5801 would accent the word "affect" rather than the words "the cause of action therein sued upon."
Defendants argue that the causes of action of the two suits are different and thus R.S. 9:5801 is not applicable. They further deny that the first suit put them on notice *353 that damages were being claimed based upon the negligence of Chrzanowski (Chrzanowski and Hollier as relates to Mrs. Suire's claim).
The first question to be answered is whether in the first suit plaintiff sued on the same cause of action asserted in the second. If so, then under R.S. 9:5801 prescription would have been interrupted and the second suit timely.
To answer this question, we must determine precisely the meaning of "a cause of action." In Hope v. Madison, 192 La. 593, 606, 188 So. 711, 715 (1939) the following definition was given:
"A cause of action is an act on the part of a defendant which gives rise to a plaintiff's cause of complaint; `the existence of those facts which give a party a right to judicial interference in his behalf'; `the situation or state of facts which entitles a party to sustain an action'.
"`When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies the facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong.' Quotations from 2 Words & Phrases, First Series, Cause of Action, p. 1017." (Emphasis provided)
In an excellent Comment, "Res Judicata Matters Which Might Have Been Pleaded," 2 La.L.Rev. 347, 355 n. 46 (1940) the author has collected various definitions of cause by French scholars in considering whether a prior judgment, between the same parties, in the same capacities and for the same object, is res judicata.[4]
Also pertinent to this discussion is the distinction noted in National Surety Corporation v. Standard Accident Insurance Company, 247 La. 905, 914, 175 So.2d 263, 266 (1965) that the demand of a suit is not synonymous with the cause of action therein. The demand is the object of the suit. The cause of action is the state of facts which gives a party a right to judicially assert an action against the defendant. La.C.C.P. art. 891 further sets forth this distinction in detailing the required averments of the petition. "It [the petition] . . . shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause of action is based. . .."
There is a similarity between the two suits in that the object or demand of both suits is the same, damages for the wrongful death of plaintiff's husband.
The causes of action, however, are different, a cause of action being an act by a defendant which gives a plaintiff a a right to invoke judicial interference on his behalf. A cause of action in tort has no identity independent from the defendant upon whose fault it is based.[5] In the first *354 suit the cause of action was based upon, and it encompassed, only the negligence of the six named executive officers. In the second suit, the cause of action is based upon the negligence of Chrzanowski.
Asserted in that first suit was a right of action (in connection with the wrongful death), not a cause of action, against Liberty Mutual and INA, the insurers of the six.[6]
The first suit gave defendants no notice that plaintiff was claiming damages as a result of the negligence of its insured Chrzanowski. That suit was based solely on the alleged negligence of the six named executive officers. Mid-States Insurance Company v. Fireman's Fund Insurance Company, supra, is inapplicable.
The following cases have been cited by the Court of Appeal and relied upon by plaintiff: Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1st Cir. 1960); Hayes v. Muller, 243 So.2d 830 (La.App. 3rd Cir. 1971); Pearson v. Hartford Accident and Indemnity Company, 281 So.2d 724 (La.1973); Andrepont v. Ochsner, 84 So.2d 63 (La. App.Orl.1955); and Simmons v. Travelers Insurance Company, 295 So.2d 550 (La. App. 3rd Cir. 1974), writ refused, 299 So. 2d 796 (La.1974).
Hidalgo v. Dupuy, supra, stands for the proposition that suit against an insurer interrupts prescription against the insured. In that case plaintiff's suit against the insurer in federal court was dismissed and subsequently suit was filed against the insured in state court. Unlike the situation in the present case, there the first suit against the insurer was grounded upon the negligence of the same insured who was later sued in state court.
Hayes v. Muller, supra, is likewise distinguishable. In the first suit there, plaintiff sought specific performance of a verbal contract and for a share of profits sustained from the purchase and sale of oil leases. After an adverse judgment, plaintiff sued defendant a second time, seeking judgment on a quasi-contract claim based on the same transaction involved in the first suit. The parties plaintiff and defendant were in both suits in the same capacity, unlike the instant situation where the defendants were originally sued as liability insurers of the six named executive officers and are now sued as liability insurers of Chrzanowski.
Pearson v. Hartford Accident and Indemnity Company, supra, involved the prescription plea by an insurer joined after the one year prescriptive period had elapsed. We held there that prescription against the insurer had been interrupted by the timely suit against its insured, a solidary debtor under Art. 2097. This case would be applicable to the instant case only in the event that there is a solidary relationship between a defendant timely sued and the defendants sued in the instant case.
In Andrepont v. Ochsner, supra, the nonliable defendant timely sued (Dr. Ochsner) was coincidentally President of the liable defendant (Ochsner Medical Foundation) joined in the suit after prescription. The insurer, Aetna, was insurer of both the Ochsner Medical Foundation and Dr. Ochsner. The court held that the Ochsner Medical Foundation had been timely notified by service upon its President, though in his individual capacity. "Knowledge of a *355 president of a corporation relating to its affairs and business is knowledge to the corporation." 84 So.2d at 68.
In Simmons v. Travelers Insurance Company, supra, plaintiff sued, among other defendants, certain named individual executive officers of Nat Harrison Associates, Inc., and Travelers as general liability insurer of the named executive officers and as general liability insurer of all the executive officers of Nat Harrison Associates, Inc. Approximately a year and a half after the accident plaintiff filed a supplemental and amending petition joining as a party defendant one Randolph M. Foster, an executive officer of Nat Harrison Associates, Inc. and a Travelers' insured. The jury verdict in favor of plaintiff held only Foster, of the executive officers, and his insurer, Travelers, liable for the accident. His plea of prescription was rejected by the Court of Appeal on the theory that the suit against Travelers interrupted prescription as against him since they were solidary obligors. Simmons is distinguishable from the instant case in that there the plaintiffs' original petition was against Travelers as insurer of certain named executive officers and also as insurer of all executive officers. In the instant case the original petition was against Liberty Mutual and INA only as insurers of the six named executive officers. Additionally, while perhaps not alone sufficiently distinguishable, the joinder in Simmons, as well as in Andrepont, occurred prior to trial whereas here the instant action against an additional insured follows the first trial (in which all defendants were absolved of liability to plaintiff).
We find none of the foregoing cases either controlling or persuasive.[7] There being different causes of action asserted in the first and second suits here, prescription has not been interrupted under R.S. 9:5801.
The Court of Appeal also concluded that prescription had been interrupted under article 2097 of the Civil Code, which provides that suit against one solidary debtor interrupts prescription with regard to all, saying:
"However, there is an even more persuasive reason for rejecting the plea of prescription; it is found in the application of C.C. art. 2097 to the parties sued in the original suits and in the present suits.
"As to Article 2097, a much simpler analysis indicates interruption of prescription. Although this article has been cited, counsel may have overlooked the fact that both Liberty Mutual and INA were sued in the first suits, and that they are now sued as solidary obligors. Thus the first suits against Liberty Mutual interrupted prescription as to the instant suits against INA and, likewise, the first suits against INA interrupted prescription in the present suits against Liberty Mutual, the interruption taking place because they are alleged `debtors in solido,' as the article provides.
"The question of whose negligence is alleged or whether the cause of action in the present suits on appeal differs from the cause of action in the first suits is of no moment because parties are considered solidary obligors even if they are obligated differently or in different capacities. LSA-C.C. art. 2092; Hidalgo v. Dupuy, supra." 303 So.2d at 610.
We disagree.
Liberty Mutual and INA were defendants in the first suit only as insurers of the six named executive officers and are defendants in the instant suit only as insurers of Chrzanowski. Article 2097 being applicable only between solidary debtors, there must be a solidary obligation to plaintiff of *356 a defendant of the first suit and a defendant of the second suit as to the claim asserted in the first suit. Stated another way, there must be a solidary obligation to plaintiff of one or more of the six named executive officers (and, as a consequence, their insurers) and Chrzanowski, as in this case the insurers are liable only in their capacities as insurers of their respective insureds. The judgment in the first suit absolving the six named executive officers (and, as a result, their insurers) means that those executive officers (and their insurers, in that capacity) cannot be solidary debtors with Chrzanowski (and accordingly his insurers in that capacity) as they are not liable to plaintiff on the claim asserted in the first suit.
Article 2097 is therefore inapplicable to the instant case.
For the above assigned reasons, the judgment of the Court of Appeal is reversed and that of the district court reinstated.
Reversed.
SUMMERS, J., concurs.
NOTES
[1] Russell Rudolph, executive vice-president of Diamond Crystal; Charles Cronenworth, production superintendent of Diamond Crystal; Gayle Petrick, plant manager at Jefferson Island; Richard Sieferman, mine superintendent at Jefferson Island; Charles Dixon, mine engineer at Jefferson Island, and Paul C. Bergeron, superintendent of administrative services at Jefferson Island.
[2] For the remainder of this opinion we will refer only to the lawsuits of Mrs. Jeanette Jean Trahan Hollier. The identical reasons are applicable, however, to the companion suit of Mrs. Oliva Nunez Suire which is founded upon the negligence of the insureds Chrzanowski and Hollier.
[3] In fact, defendants, in the first suit, while denying any negligence on the part of the six named executive officers, had alleged alternatively, that Chrzanowski and Hollier (two of the accident victims whose widows were plaintiffs in that earlier litigation) were guilty of contributory negligence. Plaintiff here asserts that it was the strength of the insurers' case against Chrzanowski (and as relates to Mrs. Suire's contention, against Chrzanowski and Hollier) which prompted this lawsuit and its contention as to the cause of the salt mine accident.
[4] Laurent, "The juridical fact which constitute the basis of the right;" Marcade, "The immediate basis of the right which the party seeks to exercise;" Planiol, "The juridical or material fact which is the basis of the right claimed or of the defense urged;" Dalloz, "That which serves as the basis of the demand, the juridical reason or motif on which it is based;" Aubry et Rau, "The juridical fact which forms the direct and immediate basis of the right or of the legal benefit of which one of the parties seeks to avail himself;" Baudry-Lacantinerie et Barde, "The juridical fact which constitutes the legal basis of the benefit or of the right, object of the demand;" Larombiere, "The legal basis of the right which the parties urge against each other respectively, by action or by exception;" and Huc, "The fact which is invoked by the plaintiff as constituting the basis of his right."
[5] See Art. 2315: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." (Emphasis provided)
[6] Under the provisions of R.S. 22:655 an injured party is given, at his option, a right of direct action against his alleged tortfeasor's liability insurer without the necessity of joining the alleged tortfeasor. This right of action does not obviate the necessity of establishing the liability of the alleged tortfeasor (and the applicability of the liability policy) as a prerequisite to the liability of the insurer.
[7] Travelers Insurance Company v. Brown, 338 F.2d 229 (5th Cir. 1964) is likewise neither controlling nor persuasive. There suit against a corporation and its insurer, Travelers, was held to have interrupted prescription for a late amendment of plaintiff's petition joining Travelers as insurer of the corporation's employees.