· Aubrey O. HEARN

v.

RED BALL MOTOR FREIGHT, INC., Elvis W. Rogers, XYZ Insurance Company, and Protective Insurance Company

Home Indemnity Company, Intervenor.

Civ. A. No. 760423.

United States District Court,
W. D. Louisiana,
Monroe Division.

Sept. 28, 1977.

Dan C. Garner & Associates, New Orleans, La., for plaintiff.

W. Craig Henry, Hudson, Potts & Bernstein, Monroe, La., for defendants.

J. Michael Hart, Theus, Grisham, Davis & Leigh, Monroe, La., for intervenor.

## RULING ON MOTION

DAWKINS, Senior District Judge.

Defendants seek to have dismissed one element of Home Indemnity Company's intervention claiming as Red Ball's subrogee for property damage. It is contended that prescription[1] bars intervenor's attempt to recover $1,371.70 paid by it to Vicksburg Chemical Company under an insurance policy covering collision damage to one of that company's trucks. Our jurisdiction is based upon diversity of citizenship.[2]

This action arises out of a September 5, 1975, accident involving two vehicles. Plaintiff Aubrey O. Hearn, an employee of Vicksburg Chemical Company, was driving a 1972 Chevrolet cab-over-engine truck west on Interstate 20 when struck from the rear by a Red Ball tractor-trailer operated by Elvis W. Rogers. Hearn's personal injury suit, filed against Red Ball and Rogers on April 23, 1976, was amended on October 12, 1976, to add as a defendant their liability insurer, Protective Insurance Company.

Detailed discussion of how the accident occurred is not important to our present inquiry. Suffice it to say that liability is contested.

On April 15, 1977, Home Indemnity Company intervened as workmen's compensation insurer of Vicksburg Chemical, Hearn's employer, to obtain, from any potential damage award to Hearn, reimbursement for sums paid under the Workmen's Compensation laws of Mississippi.

While intervention was filed more than one year after the date of the accident, it is clear under the Louisiana jurisprudence that suit by Hearn interrupted prescription as to Home Indemnity's workmen's compensation subrogation claim. There is no dispute on this point.

However, by amended intervention filed July 21, 1977, Home Indemnity asserted, in addition to supplemental compensation payments, a right to recover sums it had paid to Vicksburg Chemical under an insurance policy covering collision damage to the truck driven by Hearn. The issue is whether Hearn's timely complaint interrupted prescription as to Home Indemnity's second subrogation claim.

Louisiana Revised Statute 9:5801 provides:

> "Interruption of prescription by filing of suit, service of process
>
> "All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process."

As interpreted by the Louisiana Supreme Court in *Trahan v. Liberty Mutual Insur-*

---

1. Prescription for tort actions in Louisiana is one year. La.C.C. Art. 3536.

2. 28 U.S.C.A. § 1332.

ance Co.,[3] applicability of this provision hinges on definition of "the cause of action." If a second untimely suit is based upon a cause of action distinct from that asserted in the first suit, there is no interruption of prescription. Said the Court in *Trahan* at page 353:

". . . we must determine precisely the meaning of 'a cause of action.' In *Hope v. Madison,* 192 La. 593, 606, 188 So. 711, 715 (1939) the following definition was given:

" 'A cause of action is *an act on the part of a defendant* which gives rise to a plaintiff's cause of complaint; "the existence of those facts which give a party a right to judicial interference in his behalf"; "the situation or state of facts which entitles a party to sustain an action" '.

" ' "When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies the facts upon which the plaintiff's right to sue is based, and upon which *the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong.*" Quotations from 2 Words & Phrases, First Series, Cause of Action, p. 1017.' (Emphasis provided)"

On the present facts, Hearn possessed no cause of action to recover for damage to his employer's truck. It was the employer's truck, not his. The facts giving rise to plaintiff's suit for personal injuries are different from the circumstances forming Vicksburg Chemical's cause of action for damage to their vehicle. Hearn would have no right of action to assert such a claim.

In *Klotz v. NOLA Cabs, Inc.,*[4] the Fourth Circuit was faced with a situation nearly identical to this one. There, a city policeman timely sued a taxicab company and its liability insurer for personal injuries sustained in a rear-end traffic accident. More than one year after the accident the city intervened for reimbursement of medical expenses paid the policeman under the Workmen's Compensation Act and for dam-

age done to the police automobile. Because the employee's suit for personal injuries did *not* interrupt prescription as to the city's property damage claims, dismissal of that claim was affirmed.

Those cases which hold that timely suit by an employee interrupts prescription as to an employer or subrogated workmen's compensation insurer, asserting reimbursement for workmen's compensation payments or medical expenses, are consistent with the *Trahan* reasoning. The decisions are based upon the premise that the claims of the employer derive from and actually form part of the demand which the plaintiff-employee has a right to sue for himself. The mere fact that all claims arise out of the same accident is not determinative. For example, it can hardly be argued that the suit of one injured party in a multi-vehicle accident interrupts prescription as to all injured parties.

Home Indemnity Company now appears here in two different capacities. Two distinct rights of action are asserted. If the subrogation claim arising from damage to Vicksburg Chemical's truck had been brought by a party other than Home Indemnity, there would be no question but that prescription would bar recovery. However, because Home Indemnity served as Vicksburg Chemical's insurer, both for workmen's compensation claims and collision damage to its trucks, the issue appears to be clouded—notwithstanding, it is perfectly clear to us.

We have been cited to no cases and are aware of no statute which would relieve Home Indemnity of the legal requirement of filing its tort claim for property damage within one year following the date of the accident. Vicksburg Chemical could not maintain the property damage action after more than one year post-accident; neither may its subrogee, Home Indemnity. Moreover, less than $10,000 minimum jurisdictional amount is involved in this subrogation claim for property damage.

---

3. 314 So.2d 350 (La.Sup.Ct.1975).

4. 209 So.2d 158 (La.App. 4th Cir. 1968).

**721**

For the reasons given, defendants' motion to dismiss hereby is granted.

THUS DONE AND SIGNED, in Chambers, at Shreveport, Louisiana, this 28th day of September, 1977.