LOTTINGER, Judge.
This is a wrongful death action. The trial court dismissed plaintiff’s and interve- . nor’s suits on a plea of prescription and both parties have appealed.
Two issues are presented on appeal: (1) Whether this appeal should be dismissed ex proprio motu because plaintiff and interve-nor both took appeals from the trial court’s judgment refusing to grant a new trial, a judgment which is considered non-appeala-ble; and (2) if the appeal is not dismissed .outright, whether the trial judge correctly sustained the defendants’ pleas of prescription.
Plaintiff’s husband died on January'30, 1976, three days after sustaining an injury while employed for Payne & Keller of Louisiana, Inc. (Payne & Keller) at a Georgia Pacific Corporation (Georgia Pacific) site. She filed a wrongful death action on January 13, 1977, against Payne & Keller, Georgia Pacific and its unnamed insurer, and Maryland Casualty Company, as the insurer of Payne & Keller. (Maryland Casualty later intervened to recover workmen’s compensation benefits paid by it to- plaintiff.) Payne & Keller was dismissed from the suit on a peremptory exception of no right and cause of action because it was the employer of the decedent and, under Louisiana’s workmen’s compensation law, was liable to plaintiff only for workmen’s compensation death benefits. Georgia Pacific was also *861 dismissed by summary judgment, and the judgment as to both companies is final.
At the time the first defendants were dismissed, the trial judge gave plaintiff time to amend her suit to bring in certain executive officers. Plaintiff amended her suit on March 17, 1977, naming various executive officers of Payne & Keller as defendants. She also retained Maryland Casualty Company in the suit as a defendant, but this time as the insurer of the various executive officers. (Various executive officers and the insurer of Georgia Pacific were also brought in on the amended petition, but they have since been dismissed and judgment as to them is final.)
When plaintiff’s amended petition was filed, the executive officer defendants filed a peremptory exception of prescription, alleging that the amended petition was filed more than one year after the death of the decedent. The trial court sustained the peremptory exception on June 8, 1978. The plaintiff and intervenor timely filed motions requesting a new trial and the judgment denying a new trial was rendered on April 30, 1979. Both plaintiff and interve-nor then took this devolutive appeal from the judgment rendered on April 30, 1979, i. e., the judgment denying the new trial.
JURISDICTION
Defendants question whether this court has jurisdiction over this appeal because an appeal cannot be taken from a judgment denying a new trial since such a judgment is in the nature of an interlocutory judgment and does not result in irreparable injury to either of the parties.
The motions for appeal filed by both plaintiff and intervenor state that they seek to appeal from the judgment of April 30, 1979. The briefs of both parties (the inter-venor has adopted in full the-brief of plaintiff) state on their cover pages that they are appealing from the April 30, 1979 judgment denying the new trial. However, plaintiff argues in brief that she is appealing from the judgment which sustained the peremptory exception of prescription. She did not address the new trial appeal issue until the defendants brought it up in their brief.
We are ever mindful that appeals are favored and should be dismissed only for substantial causes. Any doubt concerning the validity of an appeal should be resolved in favor of the appellant to the end that an appeal be sustained.
A review of the entire record indicates that appellants did not intend to appeal the judgment denying the new trial, but rather intended to appeal the judgment which sustained the peremptory exception. As such, we are of the opinion that this court has jurisdiction over this appeal.
PEREMPTORY EXCEPTION
Plaintiff argues that her naming of Maryland Casualty Company in the original petition was sufficient to interrupt prescription as to the executive officers she named in the amended petition because Maryland Casualty is solidarily liable with the executive officers. A similar argument was made and rejected in Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975). Though there are some factual differences between Trahan and the case at bar, the legal principles applicable to both cases are indistinguishable. Trahan is the latest definitive ruling by our Supreme Court on the troublesome issue of solidarity and its relation to liberative prescription.
A suit against one solidary obligor interrupts prescription against others who occupy a position of solidarity with the party sued. La.C.C. art. 2097. An insurance company stands in a position of solidarity with its insureds and can be proceeded against directly without joinder of the insured whose conduct triggers the insurance coverage. La.R.S. 22:655. But Trahan stands for the proposition that a suit against an insurance company in its capacity as insurer for one insured will not interrupt prescription as to another party insured by the same company unless, perchance, the insured named in the first suit is solidarily liable with the other insured or *862 unless the insurance company is sued directly as the insurer of the other party whose conduct is alleged to have caused the accident. Stated another way, a suit against an insurance' company will interrupt pre-. scription only as to those insureds who are joined as defendants or whose conduct is alleged in the petition to be the cause of the harm producing accident. There may be other insureds covered by the same company and their conduct may have had a causative connection with the incident, but unless their conduct is alleged to be the reason for the coverage to attach, or unless they are joined as defendants in the first suit, prescription as to them will not be interrupted.
In Trahan, the insurance companies were sued as the insurers of various executive officers alleged to be liable for a salt mine accident. After a judgment finding the executive officers non-negligent, the plaintiffs again sued the same insurance companies as insurers of two employees alleged to be at fault in the accident. Since the executive officers were not solidarily liable with the employees, and since the employees were not alleged to be liable or alleged to be covered by the insurers in the first suit, the second suit against the insurers was dismissed on an exception of prescription. We realize that in Trahan two suits were filed, whereas in the instant case only one suit has been filed. We find this difference to be of no importance because as we read Trahan we are left with the impression that if the first suit had interrupted prescription, the second suit would have been timely.
In the case at bar, Maryland Casualty was first sued solely in its capacity as insurer of the company, Payne & Keller. Although the suit alleged that the accident occurred because of the negligence of the employees and agents of Payne & Keller, no allegation was made that Maryland was the insurer of the agents and employees of the company or that Maryland was being sued in its capacity as insurer of the employees or agents. Only when the petition was amended was Maryland Casualty cited as the insurer of the executive officers of Payne & Keller. Because the amendment came more than a year after the death of the plaintiff’s decedent, the case was properly dismissed on the defendants’ plea of prescription. Trahan v. Liberty Mutual Insurance Company, supra.
We recognize that our decision today places much emphasis on the technical allegations made in the original petition of a given case. So does Trahan, supra. See The Work of the Louisiana Appellate Courts for the 1974-1975 Term — Obligations, 36 La.L.Rev. 375, 386. We also realize that the Trahan court distinguished the case of Simmons v. Travelers Insurance Co., 295 So.2d 550 (La.App. 3rd Cir. 1974), on two grounds, one of which dealt with the stage in the proceedings at which the second defendants were joined. Like the Trahan court, we do not believe joinder of the second defendants prior to trial instead of after trial is “alone sufficiently distinguishable” to change the result on the prescription issue. 314 So.2d at 355. . In any event, Simmons is neither controlling nor persuasive. 314 So.2d at 355.
The thrust of all this is that the insurer is solidarily liable for purposes of prescription interruption only as to those insureds named as defendants or alleged to be liable and covered by the insurance company. If the insurer is not notified in the petition as to exactly whose conduct it is defending, then prescription as to the unnamed insureds and as to the insurance company in its capacity as insurer of the unnamed insureds will not be interrupted.
Other arguments advanced by the plaintiff were made and rejected in Trahan, and there is no reason for us to discuss them any further.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed. Plaintiffs-appellants will pay all costs of this appeal.
AFFIRMED.