SCHOTT, Judge.
Plaintiff Betty Osborne has appealed from a dismissal of her damage suit against Gerald J. Callegan on a motion for summary judgment and against Vernell Callegan and Allstate Insurance Company on an exception of prescription. The principal is *568 sues involve the validity of the summary judgment and whether prescription was interrupted against Allstate as the insurer of Vernell Callegan by virtue of the filing of a suit during the prescriptive period against an incorrect defendant, Gerald Callegan.
This case involves an automobile accident which occurred on January 21, 1975. Exactly one year later plaintiff filed suit against Gerald J. Callegan and his alleged liability insurer, Allstate, on allegations that Callegan was the owner and operator of the offending vehicle. In January, 1977, plaintiff for the first time brought suit against Vernell Callegan, alleging that she was the owner and operator of the offending vehicle acting in the course and scope of Gerald’s employment or in the capacity of Gerald’s agent. Plaintiff further alleged that Allstate was the liability insurer of Vernell Callegan.
Gerald Callegan filed a motion for summary judgment supported by affidavits of himself and Vernell Callegan. These affidavits established that Gerald and Vernell were judicially separated by a judgment of a district court in Jefferson Parish on June 14, 1974, and from the time of their judicial separation he turned over the exclusive possession and control of the vehicle involved in the subject accident to Vernell. He was not operating the vehicle on January 25, 1975, and was not a passenger in the vehicle. The two have remained separated culminating with a judgment of divorce on February 11, 1976, and at the time of the accident Vernell was not employed by him or acting as his agent or on a mission for him. Plaintiff filed no affidavits, depositions or interrogatories in response to the motion.
In this court, plaintiff contends that her petition and supplemental and amending petition with their allegations that Vernell was operating the automobile as an employee or agent of Gerald raised an issue of material fact as opposed to the affidavits so that summary judgment was not appropriate under LSA-C.C.P. Art. 966. However, Art. 967 disposes of this argument:
“ . . . The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
* * * * * *
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
The affidavits clearly establish that these people were judicially separated six months before this accident so that there was no longer a community existing between them. C.C. Art. 155. They both agree that the automobile was in the exclusive possession and control of the separated wife and that she was operating the vehicle on the date of the accident. Clearly, the summary judgment in favor of Callegan was proper, and the same will be affirmed.
As to the judgment dismissing plaintiff’s suit against Vernell Callegan and Allstate Insurance Company, the summary judgment disposed of the possibility that Vernell and Gerald were solidary obligors. That being so, the filing of the timely suit against Gerald did not serve to interrupt prescription against Vernell. This issue does not seem to be seriously disputed but plaintiff does contend that the filing of the suit against Gerald and his alleged liability insurer Allstate served to interrupt prescription against Allstate in its capacity as the insurer of Vernell.
We are unable to distinguish this case from Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975) in which the court held that the timely filing of the suit against certain executive officers and their insurer, Liberty Mutual, did not serve to interrupt prescription against Liberty Mutual as the insurer under the same policy of other executive officers where the first suit was tried to judgment dismissing plaintiff’s suit before the second suit was *569 filed. Plaintiff contends that the cases are distinguishable in that Trahan’s first suit had already proceeded to judgment before the second suit was filed against Liberty Mutual as the insurer of the second set of executive officers, whereas in the instant case the suit against Gerald and Allstate was pending at the time the suit against Vernell and Allstate was filed. However, this is a distinction without a difference. Trahan concluded:
“Liberty Mutual and INA were defendants in the first suit only as insurers of the six named executive officers and are defendants in the instant suit only as insurers of Chrzanowski. Article 2097 being applicable only between solidary debtors, there must be a solidary obligation to plaintiff of a defendant of the first suit and a defendant of the second suit as to the claim asserted in the first suit. Stated another way, there must be a solidary obligation to plaintiff of one or more of the six named executive officers (and, as a consequence, their insurers) and Chrzanowski, as in this case the insurers are liable only in their capacities as insurers of their respective insureds. The judgment in the first suit absolving the six named executive officers (and, as a result, their insurers) means that those executive officers (and their insurers, in that capacity) cannot be solidary debtors with Chrzanowski (and accordingly his insurers in that capacity) as they are not liable to plaintiff on the claim asserted in the first suit.”
In the same way the judgment absolving Gerald means that Allstate as Gerald’s insurer cannot be a solidary debtor with Ver-nell and Allstate as her insurer, as they were not joined as defendants in the first suit.
Accordingly, the judgments appealed from are affirmed.
AFFIRMED.