DUFRESNE, Judge.
This lawsuit arises from a motor vehicular accident which occurred on July 19, 1980. While George E. Antill was operating a tractor trailer owned by his employer, Roland’s Transportation Services, Inc., an automobile operated by George A. Burd crashed into the left front side of the truck. As a result of this accident, the tractor trailer was damaged and Antill sustained personal injuries.
In May of 1981, First State Insurance Company (erroneously referred to in plaintiff’s petition as “First Stake Insurance Company”) as subrogee of Roland’s Transportation Services, Inc. (Roland) together with Roland filed suit against George A. Burd, the driver of the offending vehicle, and State Farm Mutual Automobile Insurance (State Farm), Burd’s automobile liability insurer. Plaintiffs allege that the tractor trailer owned by Roland was damaged in the amount of $3,265.07. Moreover, plaintiffs allege that First State was partially subrogated to Roland’s rights to the extent of First State’s payment of $2,265.07 made pursuant to the collision coverage of First State’s policy. On July 20, 1981, plaintiffs filed an Amending Petition seeking additional sums for Roland’s loss of revenue while the tractor trailer was disabled and expenses incurred retrieving the tractor trailer.
Subsequently, First State and Roland released Burd and State Farm in consideration of a payment of $4,000.00. Thereafter, on July 19, 1982, George E. Antill filed a Petition of Intervention for his own personal injuries, medical expenses and loss of wages, which were allegedly sustained as a result of the collision sued upon in the principal action. The interesting and appealable aspect of this lawsuit is that Antill’s Petition of Intervention was filed exactly two years after the accident, fourteen months after filing of plaintiff’s original Petition, and more than seven months after plaintiff’s complete and full dismissal of Burd and State Farm.
Responding to Antill’s Petition of Intervention, Burd and State Farm filed two peremptory exceptions, requesting the district court to dismiss the Antill suit because it was prescribed and that intervenor had no right of action because the principal action had been dismissed prior to the filing of this incidental demand.
The trial court initially maintained the exceptions and dismissed the intervention, however, after reviewing the matter, the trial court granted a Motion for A New Trial on the Peremptory Exceptions. On the second hearing involving the issues of prescription and no cause of action, the trial court again maintained these peremptory exceptions and dismissed Antill’s intervention. From this judgment, Antill (inter-venor) has appealed.
On appeal the intervenor, George E. An-till alleges that he was closely connected in relationship and identity of interest with the original plaintiffs. Alternatively, he suggests to this court that he could have filed an amended action in lieu of this intervention under LSA-C.C.P. art. 1153, thereby effectively avoiding the application of the one year prescriptive statute.
*784 Antill argues that as a result of the accident which occurred on July 19, 1980, there arose only one principal cause of action. Since Roland and First State timely asserted their demand for damages arising out of that cause of action and since Antill is so closely connected in relationship and identity of interests with the original plaintiffs, his intervention has not prescribed.
George Burd and State Farm contend that the intervenor’s asserted cause of action is separate and distinct from the cause of action shared by the original plaintiffs. Moreover, State Farm and Burd maintain that Antill’s intervention was neither closely connected in relationship nor had an identity of interest with Roland or his collision carrier. However, we hold that while both causes of action may have arisen out of the same factual situation and as a consequence of the same act or acts of negligence, the timely filing of suit by the original plaintiffs failed to interrupt prescription as to Antill’s cause of action for personal injuries.
Louisiana Civil Code Article 3536 requires actions resulting from offenses or quasi-offenses to be filed within one year of the date of the alleged tort. The timely filed Petition of First State and Roland prayed only for property damages sustained by Roland’s tractor trailer which occurred as a result of the accident.
First State sought reimbursement as subrogee for monies it had paid its insured pursuant to the collision coverage provided by the First State policy. Roland’s interest was limited to the recovery of its deductible under the collision coverage of the First State policy.
In an attempt to intervene in this litigation, Antill files a petition of Intervention which prays for Antill’s personal injuries, medical expenses and lost wages. The applicable statute at the time of the accident stated in pertinent part:
LSA-R.S. 9:5801
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue...”
(Emphasis supplied.)
The reading and judicial interpretation of this statute is clear, a late-filer is rescued from the prescriptive period only when the Iate-filer's cause of action has been sued upon in a timely filed demand.
It is recognized that the filing by one party of a suit to recover damages usually does not affect the running of prescription against other parties who sustained separate damages in the same accident. Louviere v. Shell Oil Company, 440 So.2d 93 (La.1983).
The Supreme Court in Louviere declared that “when several parties share a single cause of action ..., suit by one interrupts prescription as to all. However, when a suit by a second party states a different cause of action than the suit by the first party, although each cause of action is based in part on common facts, the first suit does not interrupt prescription as to the subsequent cause of action.”
A cause of action consists of the material facts which form the basis of the right claimed by the party bringing an action. Louviere v. Shell Oil Company, supra; Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975); and Baker v. Payne and Keller of Louisiana, 390 So.2d 1272 (La.1980). We agree with the trial court that the original plaintiffs’ rights to a recovery for property damages were not material to the determination of Antill’s rights to recover based upon personal injuries he may have sustained.
Notwithstanding that the damages complained of by the original plaintiffs and Antill arise from the same factual situation . and alleged acts of negligence, Antill’s cause of action is clearly distinct from the cause of action established in the timely filed petition of the original plaintiffs. An-tin’s intervention in this litigation is barred since the original petition of First State and Roland did not interrupt prescription.
*785 As to Antill’s suggestion that he could have filed an Amended Petition instead of an Intervention; that issue is not before the court since he did file an intervention and we so hold that his claim is prescribed.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.