STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2024 CA 0513

DOROTHY BANISH MADDEN

VERSUS

STEVEN RAY FAIRBURN, K.S. TIMBER COMPANY, INC.,
PLAZA INSURANCE CO., XYZ INSURANCE CO., &
CAPITOL SPECIALTY INSURANCE CORPORATION

**Judgment Rendered: DEC 2 7 2024**

* * * * * *

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of Washington
State of Louisiana
Suit Number 111549

Honorable Alan A. Zaunbrecher, Presiding

* * * * * *

Jack E. Morris                          Counsel for Plaintiff/Appellant
Metairie, LA                            Dorothy Banish Madden

Dean M. Arruebarrena                    Counsel for Defendant/Appellee
Marc E. Devenport                       Capitol Specialty Insurance Corp.
New Orleans, LA

* * * * * *

BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG, JJ.

**GUIDRY, C.J.**

Plaintiff, Dorothy Banish Madden, appeals from a trial court judgment sustaining a peremptory exception raising the objection of prescription filed by defendant, Capitol Specialty Insurance Corporation (Capitol Specialty)[1], and dismissing Madden's claims against Capitol Specialty with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On December 29, 2016, Madden was a guest passenger in a vehicle traveling southbound on La. Hwy. 450 in Washington Parish Louisiana. At the same time, Steven Ray Fairburn was operating a vehicle traveling westbound on La. Hwy. 440. While attempting to make a left turn onto La. Hwy. 440, the vehicle in which Madden was a guest passenger was struck on the driver's side by the vehicle being operated by Fairburn.

Thereafter, on December 28, 2017, Madden filed a petition for damages, naming Fairburn; XYZ Insurance Co., as Fairburn's insurer; K.S. Timber Company, Inc. (K.S. Timber), Fairburn's employer; Plaza Insurance Company (Plaza), K.S. Timber Company's insurer; and Capitol Specialty, an uninsured/underinsured motorist (UM) insurer who Madden alleged provided UM coverage to her through a policy issued to Censeo Health, LLC (Censeo). Madden alleged that Fairburn was in the course and scope of his employment with K.S. Timber at the time of the accident.

Capitol Specialty filed an answer and cross claim, wherein it admitted issuance of a policy to Censeo. However, Capitol Specialty alleged that the sole proximate cause of the accident was the negligence of John Seibert, the driver of the vehicle in which Madden was a guest passenger, or others for whom it had no

---

[1] Capitol Specialty is referenced as "Capital Specialty" in various pleadings in the record, but the answer and appellee brief on appeal indicate its name is actually "Capitol Specialty."

responsibility. Capitol Specialty named Fairburn and K.S. Timber as cross-claim defendants, denied the uninsured or underinsured status, negligence, and fault of Fairburn and K.S. Timber for lack of sufficient information to justify a belief therein or in the alternative, sought indemnity and/or contribution from Fairburn and K.S. Timber.

On July 15, 2021, Fairburn, K.S. Timber, and Plaza subsequently filed a motion for summary judgment alleging no genuine issue of material fact existed that the sole cause of the accident was Seibert. The trial court thereafter signed a judgment on December 15, 2021, granting summary judgment in favor of Fairburn, K.S. Timber, and Plaza and dismissing Madden's claims against them with prejudice. The district court's judgment was subsequently affirmed on appeal. Madden v. Fairburn, 22-1055 (La. App. 1st Cir. 4/14/23), 365 So. 3d 816.

While the appeal was pending, on March 28, 2022, Madden filed an *ex parte* motion and order for leave of court to file a First Amended Petition for Damages, asserting that facts adduced during discovery support additional theories of recovery and remedies against defendant, Capitol Specialty, and the presentation of real issues of the case for a decision on the merits requires amendment of Madden's petition to set forth more fully and completely all known and available theories of recovery and remedies. As such, Madden asserted that it was necessary and proper to amend her original petition in order to plead the facts supporting her amended causes of action against Capitol Specialty. The trial court signed an order granting the *ex parte* motion for leave to amend on March 30, 2022.

Thereafter, Madden filed her First Amended Petition for Damages, alleging the legal cause and cause in fact of the accident and Madden's resulting injuries and damages was the fault of Seibert. Madden asserted that Capitol Specialty provided UM coverage to her for injuries and damages caused by Seibert under one or more policies of auto liability insurance issued to Censeo and therefore, was liable to her

3

for the injuries and damages caused by Seibert and sustained by her in the accident, within the terms and limits of the Capitol Specialty policy.

On April 25, 2022, Capitol Specialty filed a Motion for Reconsideration of the court's March 30, 2022 *ex parte* order granting Madden's motion and order for leave of court to file a First Amended Petition for Damages, requesting that the trial court vacate the March 30, 2022 order and set Madden's motion for leave to file First Amended Petition for Damages for a contradictory hearing. The trial court vacated its March 30, 2022 order and set the matter for hearing, to be held on June 29, 2022.

On May 6, 2022, Capitol Specialty filed a peremptory exception raising the objection of prescription, alleging Madden's claims against Capitol Specialty in her First Amended Petition for Damages were prescribed on their face, and Madden could not meet her burden of proving prescription has been suspended or interrupted as to those claims. A hearing on Capitol Specialty's exception was also set for June 29, 2022.

Following a hearing, the trial court signed a judgment denying Madden's motion for leave to amend and struck Madden's previously filed First Amended Petition from the record. Capitol Specialty's exception raising the objection of prescription was denied as moot. Madden filed an application for supervisory writs with this court, which granted the writ, found the trial court abused its discretion in denying Madden leave to file a First Amended Petition for Damages, and granted Madden's motion for leave to amend. Because this court granted Madden's motion for leave to amend, which made the exception raising the objection of prescription no longer moot, we vacated the portion of the trial court's judgment denying as moot Capitol Specialty's exception raising the objection of prescription and remanded the exception to the trial court for further proceedings. Madden v. Fairburn, 22-1206 (La. App. 1st Cir. 2/1/23), 2023 WL 1455031 (unpublished writ action).

4

On May 23, 2023, Capitol Specialty and Madden entered into a consent judgment, wherein Madden's claims against Capitol Specialty for UM coverage of damages caused by Fairburn and K.S. Timber were dismissed with prejudice, reserving all other claims and defenses of Madden and Capitol Specialty.

On June 20, 2023, Capitol Specialty re-urged its exception raising the objection of prescription. In opposing the exception, Madden alleged that the filing of the original petition against Capitol Specialty for UM coverage of damages for personal injuries sustained in the accident interrupted prescription of Madden's claims against Capitol Specialty for UM coverage of the same damages sustained in the same accident under the same policy pursuant to La. C.C. arts. 3462 and 3463. Additionally, Madden asserted that the amended petition against Capitol Specialty for UM coverage of damages caused by the fault of Seibert relates back to the date of filing of the original petition against Capitol Specialty for UM coverage under the same UM policy for damages caused by Fairburn and K.S. Timber pursuant to La. C.C.P. art. 1153. As such, Madden requested that the trial court overrule the objection or alternatively, allow Madden the opportunity to amend pursuant to La. C.C.P. art. 934.

Following a hearing on August 16, 2023, the trial court signed a judgment sustaining Capitol Specialty's exception raising the objection of prescription and dismissing Madden's claims against it with prejudice. Madden now appeals from the trial court's judgment.

## DISCUSSION

Ordinarily, the party pleading the exception of prescription bears the burden of proving the claim has prescribed. However, when the face of the petition reveals that the plaintiff's claim has prescribed, the burden shifts to the plaintiff to show why the claim has not prescribed. Carter v. Haygood, 04-0646, pp. 8-9 (La. 1/19/05), 892 So. 2d 1261, 1267. When, as in this case, no evidence has been introduced at

5

the hearing to support or controvert the exception raising the objection of prescription, the exception must be decided upon facts alleged in the petition with all allegations accepted as true. Harris v. Breaud, 17-0421, pp. 8-9 (La. App. 1st Cir. 2/27/18), 243 So. 3d 572, 578. If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. Harris, 17-0421 at p. 9, 243 So. 3d at 578-79.

At the time of the accident, the Louisiana Civil Code provided that a one-year liberative prescription period applied for delictual actions, commencing to run from the date of injury or damage sustained. See La. C.C. art. 3492.[2] However, actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained. La. R.S. 9:5629; see Guidry v. USAgencies Casualty Insurance Company, Inc., 16-0562, p. 17 (La. App. 1st Cir. 2/16/17), 213 So. 3d 406, 420, writ denied, 17-0601 (La. 5/26/17), 221 So. 3d 81. It is undisputed that Madden filed her original petition, naming Fairburn, K.S. Timber, Plaza, and Capitol Specialty as defendants and seeking damages arising from an automobile accident in which she alleged Fairburn and K.S. Timber were at fault, within one-year of the December 2016 accident. However, Madden thereafter filed an amended petition, alleging the legal cause and cause in fact of the accident and Madden's resulting injuries and damages was the fault of Seibert. Madden asserted that Capitol Specialty provided UM coverage to her for injuries and damages caused by Seibert under one or more policies of auto liability insurance issued to Censeo and therefore, was liable to her

---

[2] Act No. 423 enacted La. C.C. art. 3493.1, effective July 1, 2024, which provides that delictual actions are now subject to a liberative prescription of two years. However, Act No. 423 specifically provides that its provisions shall have prospective application only and shall apply to delictual actions arising after the effective date of the act.

for the injuries and damages caused by Seibert and sustained by her in the accident, within the terms and limits of the Capitol Specialty policy. This amended petition was filed over five years after the accident at issue.

Madden alleges that her timely suit filed against Capitol Specialty as her UM insurer for UM coverage for damages caused by the fault of Fairburn and K.S. Timber interrupted prescription of her claims against Capitol Specialty for UM coverage under the same UM policy for damages caused by the fault of Siebert in the same accident pursuant to La. C.C. art. 3462. Alternatively, Madden alleges that the amended petition relates back to the timely filing of the original petition against the same UM insurer, Capitol Specialty, pursuant to La. C.C.P. art. 1153.

Louisiana Civil Code article 3462 provides, in part, that "[p]rescription is interrupted when ... the obligee commences an action against the obligor, in a court of competent jurisdiction and venue." An obligation is a legal relationship whereby a person, called the obligor, is bound to render a performance in favor of another, called the obligee. La. C.C. art. 1756. A civil action is a demand for the enforcement of a legal right, and it is commenced by filing a pleading presenting the demand to a court of competent jurisdiction. La. C.C.P. art. 421. An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. La. C.C. art. 3463(A).

In interpreting La. C.C. art. 3462 in order to answer whether there are any circumstances in which the commencement of a suit interrupts prescription as to legal claims not asserted in that suit, the Louisiana Supreme Court in Kling v. Hebert, 23-00257, p. 4 (La. 1/26/24), 378 So. 3d 54, 57, examined the positive law outlined above and found La. C.C. art. 3462 may be rephrased as stating "prescription is interrupted when the obligee files a pleading presenting the demand for enforcement

7

of a legal right/duty to a court of competent jurisdiction and venue, against the obligor."

In Kling, the court framed the relevant inquiry in determining whether prescription has been interrupted under La. C.C. art. 3462 in such circumstances as focusing on notice to the defendant. Kling, 23-00257 at pp. 5 and 8, 378 So. 3d at 58- 59. In discussing notice, the court noted:

> The essence of interruption of prescription by suit is notice to the defendant of the legal proceedings based on the claim involved. The underlying reason why prescription does not bar a subsequent claim is that a defendant has adequate and timely notice by legal demand that liability arising out of the factual occurrence pleaded is sought to be enforced against him. Prescription is interrupted when a defendant knows or should know, prior to expiration of the prescriptive period, that legal demands are made upon him from the occurrence described in the petition. Notice is therefore suffcent when it fully apprises the defendant of the nature of the claim of the plaintiff, and what is demanded of the defendant.

Kling, 23-00257 at pp. 4-5, 378 So. 3d at 57 (citations and footnotes omitted). The court found that this approach correctly places the emphasis on notice to the defendant, addressed on a case-by-case basis, rather than "quixotic attempts at offering a precise definition of a cause of action." Kling, 23-00257 at p. 5, 378 So. 3d at 58.

The Louisiana Supreme Court's earlier decision in Trahan v. Liberty Mutual Insurance Company, 314 So. 2d 350 (La. 1975) is also instructive. In Trahan, four employees were killed in a mining accident, and their widows filed suits that were consolidated for trial against six named executive officers of the company who owned and operated the mine and the officers' two liability insurers. Trahan, 314 So. 3d at 351. After judgment was rendered absolving all named defendants of liability, one of the original plaintiffs filed suit against the same two liability insurers, alleging the accident was the result of the negligence of an insured co-plaintiff/employee. The issue before the court was whether the first suit, which was against the defendant insurance companies as liability insurers of six named

8

executive officers, interrupted prescription as to plaintiff's subsequent claim against the same defendant insurance companies as the liability insurers of the co-plaintiff/employee. Trahan, 314 So. 2d at 352.

In finding that there was no interruption of prescription, the court in Trahan reasoned that the first suit, which was based upon only the negligence of the six named executive officers, did not give notice to the defendant insurers that plaintiff was claiming damages as a result of the negligence of a co-plaintiff/employee. Trahan, 314 So. 2d at 354. The court observed that "[a] cause of action in tort has no identity independent from the defendant upon whose fault it is based." Trahan, 314 So. 2d at 353. (Footnote omitted.) Therefore, the obligation or duty owed in the first suit (relating to negligence of the executive officers) was distinct from the obligation or duty owed in the second suit (relating to the negligence of co-plaintiff/employee). Kling, 23-00257 at p. 7, 378 So. 3d at 59 (discussing Trahan, 314 So. 2d at 353-54).

In the instant case, Madden filed her original petition seeking damages for injury based upon the fault of only Fairburn and his employer, K.S. Timber. In addition to naming Fairburn and K.S. Timber as defendants, Madden also named the respective insurers of Fairburn and K.S. Timber and named Capitol Specialty as her UM insurer. As to Capitol Specialty, Madden alleged that Capitol Specialty had in full force and effect a policy of UM insurance providing coverage insuring Madden for any and all damages "not covered by the liability insurer." However, in her amended petition against Capitol Specialty, Madden alleged that the legal cause in fact of the accident and of her injuries and damages was the fault of Seibert. Madden alleged that neither Seibert nor his vehicle were covered by any automobile liability insurance policy at the time of the collision; that at the time of the accident, Capitol Specialty provided UM coverage to Madden for injuries and damages caused by Seibert and sustained by her in the accident; and that Capitol Specialty was therefore

liable to her for the injuries and damages caused by Seibert and sustained by her within the terms and limits of the UM policy.

As such, the original petition claimed damages based upon the negligence of Fairburn (and his employer, K.S. Timber), whereas the amended petition claimed damages based upon the negligence of Seibert. Because the alleged liability of Capitol Specialty in each petition is based upon separate acts of negligence of two separate individual drivers,[3] we find that the original petition, based solely upon the negligence of Fairburn (and his employer, K.S. Timber), did not give Capitol Specialty notice that Madden was claiming damages as a result of the negligence of Seibert. Therefore, we find the filing of the original petition does not interrupt prescription as to the claims asserted in the amended petition.

Madden alternatively asserts that prescription was interrupted because the amended petition relates back to the timely filing of the original petition against the same UM insurer, Capitol Specialty, pursuant to La. C.C.P. art. 1153. Typically, La. C.C.P. art. 1153 and the criteria set forth in Ray v. Alexandria Mall, 434 So. 2d 1083 (La. 1983) and Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So. 2d 1040 (La. 1985), apply to determine if a supplemental petition relates back to the original petition in situations where the identity of a defendant is changed or where a plaintiff is added. See Etienne v. National Automobile Insurance Company, 99-2610, p. 7 (La. 4/25/00), 759 So. 2d 51, 56. However, neither of these circumstances exist in the instant case. Furthermore, the Louisiana Supreme Court has held that La. C.C.P. art. 1153 does not apply when articles of the Civil Code are applicable. See Etienne, 99-2610 at p. 7, 759 So. 2d at 56-57. Because we have

_____

[3] We further note that the purpose of UM coverage is to "protec[t] ... persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury...." La. R.S. 22:1295(1)(a)(i). Therefore, the identity and liability of an uninsured or underinsured driver is a necessary component to a cause of action against a UM insurer to recover under a UM policy.

found that La. C.C. art. 3462 controls the resolution of this matter, we find that La. C.C.P. art. 1153 is inapplicable.[4]

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to plaintiff, Dorothy Banish Madden.

**AFFIRMED.**

---

[4] On appeal, Madden has not requested an opportunity to amend her petition pursuant to La. C.C.P. art. 934 nor has she assigned as error the trial court's failure to allow her to amend. Therefore, the issue is waived. See La. C.C.P. art. 934; Martin v. Board of Adjustment Through Chairman, 23-0659, p. 8 (La. App. 1st Cir. 2/23/24), 387 So. 3d 17, 22 n.9. Additionally, we see no amendment that can be made, which would not constitute a vain and useless act. See Martin, 23-0659 at p. 8, 387 So. 3d at 22 n.9.