JaGONZALES, Judge.
This is an appeal by plaintiff from the judgment of the district court which sustained defendant’s exception raising the objection of prescription.
FACTS
The case before us involves wrongful death and survival actions brought by Barbara G. Jones, individually and on behalf of her minor son, Aaron Sharon Chisolm, against the State of Louisiana, Department of Transportation and Development (“DOTD”), as a result of a motor vehicle accident. The accident occurred on March 5, 1987, when a truck driven by Aaron Tyree Chisolm, the father of Aaron Sharon Chisolm, struck a ladder attached to a DOTD vehicle. Mr. Chisolm died on April 19, 1987, as a result of the injury he received in the accident. Plaintiff filed this suit on July 21, 1993, alleging the negligence of defendant and requesting damages for the wrongful death of Aaron Tyree Chisolm and also requesting damages pursuant to a survival action.
Prior to the filing of the present suit, two other suits were filed against DOTD as a result of the accident involving Aaron Tyree Chisolm. Both were subsequently settled. The first suit, filed on May 4, 1987, by Mrs. Aaron T. Chisolm, surviving spouse of Aaron T. Chisolm, individually and on behalf of her minor child, Desi Chisolm, contained a survival action and a wrongful death action. On September 16, 1988, United States Fidelity and Guaranty Company (“USF & G”) intervened in that suit to recover worker’s compensation benefits paid to “Aaron Chisolm and to his dependents, Aaron S. Chisolm and Mrs. Aaron Chisolm.”
The second suit against DOTD was filed on March 4, 1988, by Annie Lee McLeod, a former spouse of the decedent, on behalf of her minor child, Aaron T. Chisolm, Jr. Her petition was amended on June 28, 1988, to include Tessa Antoinette Chisolm, an additional minor child of the decedent. Damages for the wrongful death of the children’s father were requested. On June 8, 1989, USF & G intervened in this suit to recover benefits gaid to decedent’s “dependents.”
_JjThe Chisolm and McLeod suits were consolidated on March 22, 1990. Thereafter, plaintiffs settled their claims and the suits were dismissed with prejudice — the Chisolm suit on May 28,1998, and the McLeod suit on May 21, 1993.
In response to Barbara Jones’ petition, DOTD filed an exception claiming that Ms. Jones had no right of action, that the survival action of Ms. Jones and her minor son was barred by res judicata, and that the wrongful death action of Aaron Sharon Chisolm was prescribed. The district court sustained the exception raising the objection of prescription.[2] From this ruling, plaintiff appeals.
ISSUE
The issue to be addressed is whether a timely filed suit for wrongful death by one child of a decedent interrupts prescription as to the wrongful death claim of another child of the decedent.
LAW
A wrongful death action is subject to a liberative prescriptive period of one year from the date of death. La.C.C. art. 2315.2; Duffie v. Southern Pacific Transportation Company, 563 So.2d 933, 934 (La.App. 1st Cir.1990). Prescription can be interrupted by the filing of suit. La.C.C. art. 3462. When prescription is interrupted by the filing of a suit, the interruption continues while the suit is pending. La.C.C. art. 3463. If interrupted, prescription begins to run anew from the last day of the interruption. La. *820 C.C. art. 3466. Therefore, the time which accrued prior to the interruption is not counted, and in the case of a wrongful death claim, the prescriptive period of one year begins to run anew when the interruption ends.
Interruption is considered never to have occurred if the suit which caused the interruption is voluntarily dismissed. La. C.C. art. 3463. This general rule has been Lrefmed to apply only to a voluntary dismissal prior to a general appearance by the defendants. Hebert v. Cournoyer Oldsmobile-Cadillac GMC, Inc., 419 So.2d 878, 880-881 (La.1982); Houston General Insurance Company v. Commercial Union Insurance Company, 612 So.2d 787, 789 (La.App. 1st Cir. 1992), writ denied, 614 So.2d 82 (La.1993).
When several parties share a single cause of action, suit by one interrupts prescription as to all. Louviere v. Shell Oil Co., 440 So.2d 93, 96 (La.1983). A decedent’s widow and children share the same wrongful death cause of action. Williams v. Sewerage & Water Board of New Orleans, 611 So.2d 1383, 1390 (La.1993).
ANALYSIS
In the present matter, the Chisolm suit and the McLeod suit contained a wrongful death claim by children of the decedent. Both suits were filed within one year of the death of Mr. Chisolm. After both suits were settled, voluntary dismissal of the suits occurred in May, 1993. Defendant, DOTD, made a general appearance in each suit.
Thus, applying the applicable law to the facts at hand, an interruption of prescription occurred by the filing of the Chisolm and McLeod suits. The interruption continued until the suits were voluntarily dismissed. This interruption benefitted all parties who share the wrongful death cause of action. Because the minor child in the present litigation, Aaron Sharon Chisolm, shares the wrongful death cause of action with the decedent’s other children and surviving spouse, interruption of the prescriptive period of Aaron Sharon Chisolm’s claim occurred with the filing of wrongful death suits by the other beneficiaries.
As the defendant made a general appearance in each suit, negation of interruption did not occur. Prescription began to run anew upon dismissal of the Chisolm and McLeod suits allowing Aaron Sharon Chisolm’s claim to be filed within one year from the date of the most recent dismissal. The present suit was filed on July 21, 1993, only two months after prescription began to run anew and well within one year of the last dismissal. ^Prescription had not tolled and the present suit was timely filed. Therefore, the district court erred in sustaining the defendant’s exception raising the objection of prescription.
DECREE
For the foregoing reasons, the judgment of the district court which sustained defendant’s exception raising the objection of prescription is REVERSED. Costs are assessed against defendant in the sum of $366.11.

. The district court overruled the objections based on res judicata and no right of action. DOTD applied for a supervisory writ to this Court. The writ was granted in part and denied in part. The portion of the district court's judgment denying the exception of no right of action was reversed and Barbara Jones' individual claims were dismissed. The writ was denied with regard to the district court’s ruling on the exception of res judicata.