696 So.2d 15 (1997)
Mae Isabel Fenelon TUREAUD, PlaintiffAppellant,
v.
ACADIANA NURSING HOME, et al., DefendantsAppellees.
No. 96-1262.
Court of Appeal of Louisiana, Third Circuit.
May 7, 1997.
*16 Dean A. Doherty, Lafayette, for Mae Isabel Fenelon Tureaud.
Shepton F. Hunter, Lafayette, Timothy Reynolds, Crowley, Kym K. Keller, Gretna, for Acadiana Nursing Home, et al.
Before YELVERTON, THIBODEAUX and SAUNDERS, JJ.
THIBODEAUX, Judge.
Mae Isabel Fenelon Tureaud timely filed a wrongful death and survival action against the Acadiana Nursing Home to recover damages resulting from events which led up to the death of Isabella Fenelon, her mother, while in the care of the nursing home. James Aloysius Fenelon, Isabella's son, did not file a lawsuit. Jamie and John Eric Fenelon, children of James, grandchildren of the deceased, filed an amending petition asserting the same causes of action as Ms. Tureaud. The petition was filed more than one year after Isabella's death. The trial court granted an exception of no right of action finding that the prescriptive period had elapsed. It is from this judgment that the plaintiffs appeal arguing that Jamie and John Eric Fenelon may assert their father's right of action in their representative capacities.
We reverse the findings of the trial court for the following reasons.

I.

ISSUES
The three interrelated issues presented for review are whether the trial court erred in finding that (1) the prescriptive period for Ms. Tureaud's siblings passed; (2) Jamie and John Eric Fenelon's inheritance of their father's right of action in this suit would expand the prescriptive period in contravention of La.Civ.Code arts. 2315.1(C) and 2315.2(C); and, (3) Jamie and John Eric Fenelon's claim does not relate back to the original plaintiff's petition.

II.

FACTS
Isabella Fenelon died while in the care of the Acadiana Nursing Home on September 5, 1993. Six major children survived Ms. Fenelon: Mae Isabel Fenelon Tureaud, Ann Tanya Fenelon, Andrea Marie Fenelon, Emily Teresita Fenelon Henry, Frank Nicolas Fenelon, and James Aloysius Fenelon. All of the children were listed in the nursing home's records as children of the patient. On September 6, 1994, Mae Isabel Tureaud filed a petition for damages asserting wrongful death and survival actions.
James Aloysius Fenelon died on January 16, 1995. Jamie and John Eric Fenelon, his two children, survived him. James Aloysius Fenelon did not join his sister's wrongful death and survival action before his death. Jamie and John Eric Fenelon filed an amending petition for damages to Ms. Tureaud's claim. On January 23, 1996, Jamie and John Eric Fenelon amended the petition to the complaint stating that they were joining the suit in a representative capacity asserting the right of action inherited from James Aloysius Fenelon.

III.

LAW AND DISCUSSION

Prescription
Acadiana Nursing Home argues that Jamie and John Eric Fenelon rely on a fundamental misconception of the law regarding wrongful death and survival actions in forming *17 the basis of their argument. It asserts that wrongful death actions of children are separate causes of action and, as such, the prescriptive period for filing a claim in the case regarding Isabella Fenelon has already passed.
Articles 2315.1 (survival action) and 2315.2 (wrongful death action) of the Louisiana Civil Code provide that surviving children, among certain other specified individuals, have the right to recover damages for injury to a person caused by another within one year of the death of the deceased. On September 5, 1993, James Aloysius Fenelon's right to enforce La.Civ.Code arts. 2315.1 and 2315.2 as a surviving child of the deceased vested. The question becomes whether his right of action has prescribed such that Jamie and John Eric Fenelon cannot enforce it in their representative capacities.
Prescription is interrupted upon the filing of suit in a court of competent jurisdiction and venue. La.Civ.Code art. 3462. This interruption continues while the suit is pending. La.Civ.Code art. 3463. Once prescription is interrupted, the time that has already run is erased and prescription commences to run anew at the end of the interruption. La.Civ.Code art. 3466.
When several parties share material facts which form the basis of the right to bring an action, suit by one interrupts prescription as to all. Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983). A widow and her children share the same wrongful death cause of action. Williams v. Sewerage and Water Board of New Orleans, 611 So.2d 1383 (La.1993). All of the children of Isabella Fenelon shared the same basis for the right to bring wrongful death and survival actions against the Acadiana Nursing Home because they each satisfied the requirements under La.Civ.Code arts. 2315.1 and 2315.2. Once Ms. Tureaud filed suit, prescription was interrupted as to James Aloysius Fenelon along with all of her other siblings.
Acadiana Nursing Home's attempt to seek legal refuge by relying on Ryland v. Liberty Lloyds Ins. Co., 617 So.2d 583 (La.App. 3 Cir.1993), reversed on other grounds, 93-1712 (La.1/14/94); 630 So.2d 1289, is unavailing. In Ryland, a father and two children sued for the wrongful death of a wife and mother. The aggregate awards exceeded the $500,000.00 statutory cap on general damages against the State or its agencies. In deciding that this result was proper, the third circuit stated that "[e]ach party's demand for enforcement of a legal right against each defendant is regarded as a separate action which may be cumulated in a single suit ..." Id. at 590. Our reference was to rights of action, not causes of action. That language was used to emphasize that recovery of damages based on individual wrongful death and survival causes of action should not be affected or diminished by the joinder of those multiple plaintiffs in one lawsuit. The causes of action remain the same, i.e., wrongful death and survival actions.
In this case, the court should only focus on the basis of the potential plaintiffs' legal rights. If those rights are the same, then the action is not prescribed. In other words, children of the deceased who suffered injuries as a result of an offense share material facts which form the basis of a legal right of action because they each satisfy the requirements for beneficiaries of wrongful death and survival actions under the code. La.Civ.Code art. 2315.1; La.Civ.Code art. 2315.2. These children, however, may be treated differently in the consideration of damage awards because each individual person may have been affected differently by the death of the parent. This reasoning was also used by the First Circuit Court of Appeal in Ly v. State Through Department of Pub. Safety & Corrections, 633 So.2d 197 (La.App. 1 Cir.1993), which was also cited in support of Acadiana Nursing Home's position. Acadiana Nursing Home cannot take solace in Ly. The first circuit's use of the language, "separate cause of action," Ly, 633 So.2d at 207, clearly pertained to the idea that each plaintiffs' claim for wrongful death and survival damages is an individualized claim vis a vis the award of damages.

Heritability
Although James Aloysius Fenelon did not choose to enforce his right of action in either the wrongful death or survival actions *18 before his death, his right of action may be assumed by Jamie and John Eric Fenelon because the prescriptive period has not elapsed. Louisiana Civil Code Articles 2315.1(C) and 2315.2(C) each provide that the right of action granted by the articles is heritable. Even if a designated beneficiary dies before he has instituted suit, his right to recover damages is inherited by his heirs. Haas v. Baton Rouge General Hospital, 364 So.2d 944 (La.1978). Jamie and John Eric Fenelon may inherit James Aloysius Fenelon's right of action in this case because they are his sons.
The Acadiana Nursing Home was correct in stating that neither Article 2315.1 nor 2315.2 prolongs the prescriptive period. Those articles provide that heritability cannot interrupt or extend the allowable prescription period. La.Civ.Code art. 2315.1(C); La.Civ.Code art. 2315.2(C). However, this point of law does not alter the fact that Jamie and John Eric Fenelon may now enforce their deceased father's right of action in this case as heirs of a designated beneficiary. Their inheritance did not expand or interrupt prescription. The timely-filed petition of Ms. Tureaud did.

Relation Back
The trial court erred in finding that the amendment adding Jamie and John Eric Fenelon did not relate back to the original petition under Article 1153 of the Louisiana Code of Civil Procedure and the test provided in Giroir v. South La. Med. Ctr., Div. of Hospitals, 475 So.2d 1040 (La.1985). Article 1153 of the Louisiana Code of Civil Procedure provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
The Giroir test established a method used to apply Article 1153 and determined that an amendment adding a plaintiff should be allowed to relate back if:
(1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; [and,] (4) the defendant will not be prejudiced in preparing and conducting his defense.
Giroir, 475 So.2d at 1044.
Jamie and John Eric Fenelon satisfy these requirements, and the petitions which add them as parties to this suit relate back to the original claim filed by Ms. Tureaud.
As heirs to James Aloysius Fenelon's right to bring wrongful death and survival actions, Jamie and John Eric Fenelon's claims each arise from the same right of action held by Ms. Tureaud. The Acadiana Nursing Home knew or should have known of Isabella Fenelon's grandchildren. It was aware of all of Isabella Fenelon's children because their names were listed in the nursing home's records. The records also contained a reference to grandchildren. Even if the nursing home did not know the specific names of the grandchildren, it did have actual knowledge of the existence of grandchildren. Obviously, the new and old plaintiffs are not wholly new or unrelated since the new plaintiffs are the niece and nephew of the original plaintiff.
The trial court and the Acadiana Nursing Home both assert that the fourth prong of the Giroir test is not satisfied because the addition of new plaintiffs occurred approximately one year and two months after the original petition was filed. Each state that the Giroir case is factually distinguishable because in Giroir, the new plaintiffs were added during the prescriptive period, while the new plaintiffs in this case were added outside of the prescriptive period. As we have held previously, the prescriptive period was interrupted upon the filing of suit by Ms. Tureaud. The addition of new plaintiffs occurred during the interruption of the prescriptive period.
The trial court held that the defendants would be prejudiced because James Aloysius Fenelon is deceased. It does not explain how or why prejudice would result. His absence at this time is no more prejudicial *19 than his absence would be if the amended petition had been filed within a year of Ms. Fenelon's death. Furthermore, the relationship between Mr. Fenelon and Ms. Fenelon, the decedent, may be established or refuted by evidence other than solely their testimony. Moreover, to the extent that this is a factual finding by the trial court, it is not reasonably based on the evidence in the record and is manifestly erroneous.

IV.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. This case is remanded to the trial court for proceedings consistent with the views expressed herein.
All costs of appeal are assessed against Acadiana Nursing Home.
REVERSED AND REMANDED.