817 So.2d 107 (2002)
Arthur PHILLIPS and Lucille Malbreaux
v.
Brian Keith FRANCIS, Sheriff Mike Neustrom o/b/o Lafayette Parish Sheriff's Department, Lafayette City/Parish Consolidated Government, John W. Fuller, Consumers County Mutual Insurance Company And All-state Insurance Company.
No. 01-1105.
Court of Appeal of Louisiana, Third Circuit.
February 6, 2002.
Curtis L. Hollinger, Jr., Glenn J. Armentor, The Glenn Armentor Law Corporation, Lafayette, LA, Counsel for Plaintiffs/Appellants Lucille Malbreaux, as natural tutrix of and on behalf of minor, Raven Malbreaux, and Arthur Phillips.
Kay A. Theunissen, Holly A. Graphia, Preis, Kraft, & Roy, Lafayette, LA, Michael D. Goss, Lafayette, LA, Counsel for Defendant/Appellee Sheriff Michael Neustrom.
Lamont P. Domingue, Voorhies & Labbe, Lafayette, LA, Counsel for Defendant/Appellee Lafayette City/Parish Consolidated Government.
Robert L. Bordelon, Jr., Sandoz, Schiff, Keating & Watson, Opelousas, LA, Counsel For Defendant/Appellee Brian Keith Francis.
John W. Fuller, Freeport, TX, Defendant, pro se.
Court composed of ULYSSES GENE THIBODEAUX, MARC T. AMY and ELIZABETH A. PICKETT, Judges.
THIBODEAUX, Judge.
Lucille Malbreaux timely filed a wrongful death suit against Brian Keith Francis and Sheriff Mike Neustrom of the Lafayette Parish Sheriffs Department as well as the Lafayette City/Parish Consolidated *108 Government, John W. Fuller, Consumers County Mutual Insurance Company, and Allstate Insurance Company to recover damages resulting from the events which led up to the death of Garland Malbreaux, her husband, from an automobile accident. Ms. Malbreaux filed an amending petition on behalf of Raven Malbreaux, her minor daughter, asserting the same cause for the wrongful death of Mr. Malbreaux. The petition was filed more than one year after Mr. Malbreaux's death. The trial court granted the Sheriff's exception of prescription. It is from this judgment that the Plaintiffs appeal. They assert that Raven's wrongful death action has not prescribed because it was interrupted by the filing of her mother's timely filed wrongful death action.
We reverse the judgment of the trial court. The facts which constitute the basis of Raven's cause of action are the same facts upon which Ms. Malbreaux's timely filed action is based. Prescription, therefore, was interrupted on Raven's claim when Ms. Malbreaux filed the original suit.

I.

ISSUE
The issue presented for review is whether the trial court erred in finding that the timely filed wrongful death action by a surviving spouse interrupts prescription as to the wrongful death action of the minor child of the surviving spouse and the deceased filed more than one year after the decedent's death.

II.

FACTS
The facts of this case are not in dispute. Garland Malbreaux died on August 22, 1999, as a result of an automobile accident that occurred in Lafayette, Louisiana. Mr. Malbreaux was survived by his wife, Lucille, and their daughter, Raven, then seven years old. On August 9, 2000, Ms. Malbreaux timely filed a wrongful death action against the Lafayette Parish Sheriff's Office. She alleged in her wrongful death claim for damages that a sheriffs deputy negligently engaged in a high speed chase of a Mr. Francis which, in turn, caused the automobile accident resulting in Mr. Malbreaux's death. In Lucille's petition, there is no mention of her and Garland's daughter, Raven.
On October 26, 2000, Ms. Malbreaux filed a motion to amend her wrongful death petition to bring a wrongful death claim on behalf of her daughter, Raven, arising from Garland's August 22, 1999, death.

III.

LAW AND DISCUSSION

Prescription
Defendants argue that Raven's wrongful death action is a separate cause of action. Since it was filed more than one year after the death of her father, the prescriptive period for filing Raven's wrongful death claim has passed. Louisiana Civil Code Article 2315.2, the wrongful death action, provides that surviving children, among certain other specified individuals, have the right to recover damages for the wrongful death of their parent(s) within one year of the death of the deceased. On August 22, 1999, Raven's right to enforce La.Civ.Code art. 2315.2 as a surviving child of the deceased vested. The question in this case is whether her cause of action has prescribed such that she cannot enforce her right to recover damages for the wrongful death of her father.
Louisiana Civil Code Article 3462 provides that prescription is interrupted upon the filing of suit in a court of competent *109 jurisdiction and venue. This interruption continues while the suit is pending. La. Civ.Code art. 3463. Once prescription is interrupted, the time that has already run is erased and prescription commences to run anew at the end of the interruption. La.Civ.Code art. 3466.
The facts underlying the prescription problem in the present case are similar to those presented to this court in Tureaud v. Acadiana Nursing Home, 96-1262, p. 4 (La.App. 3 Cir. 5/7/97); 696 So.2d 15, 17, where this court stated:
When several parties share material facts which form the basis of the right to bring an action, suit by one interrupts prescription as to all. Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983). A widow and her children share the same wrongful death cause of action. Williams v. Sewerage and Water Board of New Orleans, 611 So.2d 1383 (La. 1993).
In Tureaud, this court found that "[o]nce Ms. Tureaud [daughter of the deceased] filed suit, prescription was interrupted as to ... all of her other siblings." Id. This court further concluded in Tureaud that "the court should only focus on the basis of the potential plaintiffs' legal rights. If those rights are the same, then the action is not prescribed[,]" and explained "children of the deceased who suffered injuries as a result of an offense share material facts which form the basis of a legal right of action because they each satisfy the requirements for beneficiaries of wrongful death ... actions under the code." Id.
Defendants argue that Tureaud's reasoning and rationale is premised on workers' compensation cases that are illequipped to apply in wrongful death actions because in workers' compensation cases that involve the employee/employer, the beneficiaries recover the same damages. The Sheriff contends that because Ms. Malbreaux and her daughter, Raven, will recover distinct and individualized damages, this case is similar to cases where several people are injured as a result of a single tort and who have separate causes of action. To support their argument, Defendants rely on Brown & Root v. Missouri Pacific Railroad Co., 381 So.2d 1255 (La.App. 4 Cir.), writ denied, 385 So.2d 794 (La.1980), where the court determined that suit filed timely by Brown & Root did not interrupt prescription as to another plaintiff, Monsanto, who filed an intervention and re-conventional demand for its damages against Missouri Pacific more than one year from the date its facilities were damaged. The court reasoned that because Monsanto's cause of action involved an element of proof not necessary to Brown & Root's cause of action, Brown & Root's timely filed cause of action did not interrupt prescription for Monsanto's late filed re-conventional demand against Missouri Pacific. In the present case, there are no elements of proof in Raven's cause of action that are not present in Ms. Malbreaux's timely filed cause of action. Thus, Brown & Root is not dispositive of the issue in the present case.
In this case, Raven, a child of the deceased, suffered injuries as a result of an offense and shares material facts which form the basis of her mother's wrongful death action because both Raven and Ms. Malbreaux satisfy the requirements for beneficiaries of wrongful death actions pursuant to La.Civ.Code art. 2315.2. The fact that Ms. Malbreaux and her daughter, Raven, may be treated differently with respect to a damage award does not make Raven's cause of action for the wrongful death of her father a separate cause of action from that of her mother. See Brown & Root, 381 So.2d 1255. Moreover, in the Louisiana Supreme Court case of *110 Trahan v. Liberty Mut. Ins. Co., 314 So.2d 350, 353 (La.1975), the court, quoting from Hope v. Madison, 192 La. 593, 188 So. 711 (1939) defined a cause of action as:
An act on the part of a defendant which gives rise to a plaintiffs cause of complaint; the existence of those facts which give a party a right to judicial interference in his behalf'; `the situation or state of facts which entitles a party to sustain an action'.
The court in Trahan further noted that "[t]he cause of action is the state of facts which gives a party a right to judicially assert an action against the defendant." Trahan, 314 So.2d at 353. The two suits involved in the present case are similar in that the object or demand of both Ms. Malbreaux's and Raven's suits is the same, i.e., damages for the wrongful death of their husband and father. In Benoit v. Allstate Ins. Co., 00-0424, p. 6 (La.11/28/00); 773 So.2d 702, 706, the supreme court noted, "[t]hat phrase [cause of action] has caused considerable difficulty in judicial interpretation over the years, especially when issues of prescription ... [are] involved." Citing Trahan, the supreme court stated that in the context of an issue of interruption of prescription, a cause of action is "the juridical facts which constitute the basis of the right." Id. Under that definition the court continued, "the term `cause of action' focuses on the conduct of the particular defendant in the occurrence or transaction which gives rise to the plaintiffs demand." Id. Furthermore, the court repudiated the part of its previous decision in Bullock v. Graham, 96-0711 (La.11/1/96), 681 So.2d 1248, which concluded that the term "cause of action" is synonymous with the amount in controversy. The Louisiana Fourth Circuit Court of Appeal, faced with defining the meaning of "cause of action," explained the term as follows in Stovall v. Carimi, 95-0766, pp. 6-7 (La.App. 4 Cir. 11/30/95), 667 So.2d 1107, 1110-1111, writ denied, 96-748 (La.5/3/96); 672 So.2d 692 (quoting Hope, 188 So. at 715):
A cause of action is an act on the part of a defendant which gives rise to a plaintiffs cause of complaint; "the existence of those facts which give a party a right to judicial interference in his behalf"; "the situation or state of facts which entitles a party to sustain an action."
(Emphasis in original).
Therefore, Ms. Malbreaux's timely filed cause of action for the wrongful death of her husband interrupted prescription as to the wrongful death action filed on behalf of Raven, the minor child of the deceased.

IV.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. This case is remanded to the trial court for trial on the merits.
All costs of appeal are assessed against Sheriff Mike Neustrom of the Lafayette Parish Sheriffs Department.
REVERSED AND REMANDED TO THE TRIAL COURT FOR TRIAL ON THE MERITS.