ADELINE CAVALIER, ET AL.,
v.
FERRO CORPORATION.
ARTHUR LOUIS YOUNG, ET AL.,
v.
FERRO CORORATION.
No. 2009 CA 1812, Consolidated With Number 2009 CA 1813.
Court of Appeals of Louisiana, First Circuit.
March 26, 2010.
Not Designated for Publication
MALCOLM X. LARVADAIN, Alexandria, LA, Attorney for Plaintiffs  Appellants Adeline Cavalier, et al. and Arthur L. Young, et al.
LUIS A. LEITZELAR, JAMES C. PERCY, MICHELE W. CROSBY, Baton Rouge, LA, Attorneys for Defendant  Appellee Ferro Corporation.
Before: WHIPPLE, HUGHES, and WELCH, JJ.
WELCH, J.
In these consolidated appeals, plaintiffs, Adeline Cavalier, et al. and Arthur Louis Young, et al., appeal a judgment granting a peremptory exception raising the objection of prescription filed by defendant, Ferro Corporation. We affirm.

BACKGROUND
These consolidated lawsuits were brought by two groups of numerous plaintiffs seeking damages for injuries allegedly caused by the release of benzene phosphorus dichloride during a September 17, 2003 fire at a chemical manufacturing facility owned and operated by Ferro Corporation. On September 16, 2004, the Cavalier plaintiffs filed their petition in the Baton Rouge City Court by facsimile transmission, and on September 17, 2004, the Young plaintiffs filed their petition by facsimile transmission in the Baton Rouge City Court. The original petitions in both lawsuits were filed into the city court record on September 20, 2004, and both petitions requested that service be withheld. On November 18, 2004, plaintiffs requested that Ferro Corporation be served with the petitions. The record reflects that Ferro Corporation was served with the Young petition on December 10, 2004, and on December 30, 2004, Ferro Corporation was served with the Cavalier petition.
In the city court actions, Ferro Corporation filed declinatory exceptions raising the objections of improper venue and lack of subject matter jurisdiction and dilatory exceptions raising the objections of improper cumulation of actions and parties and lack of procedural capacity. It also filed a peremptory exception of prescription urging that because the lawsuits were filed in a court of improper venue which lacked subject matter jurisdiction, the filing of the actions did not interrupt the one-year prescriptive period applicable to delictual actions. Moreover, Ferro Corporation urged, it was not served until over two months after the city court actions had been filed, and therefore, the one-year prescriptive period was not interrupted by service.
At some point, the Cavalier and Young cases were removed to federal court; however, the federal court later remanded the cases to the Baton Rouge City Court. There, plaintiffs in both actions waived their objections to Ferro Corporation's exceptions of improper venue and lack of subject matter jurisdiction. Stipulated judgments maintaining the declinatory exceptions of improper venue and lack of subject matter jurisdiction were entered in the lawsuits on December 19, 2006, and January 3, 2007, and the cases were transferred to the 19th Judicial District Court for the Parish of East Baton Rouge.
In the district court, the Cavalier and Young cases were consolidated. Ferro Corporation filed a motion to dismiss the consolidated cases on the basis that they were prescribed. It urged that plaintiffs judicially admitted they filed their lawsuits in a court of improper venue that lacked subject matter jurisdiction and, because it was undisputed that service was not made on Ferro Corporation within the one-year prescriptive period, the timely filing of the lawsuits in the Baton Rouge City Court did not interrupt prescription. In response, plaintiffs asserted that prescription on their claims was interrupted by the timely filing of seven other lawsuits in the 19th Judicial District Court against Ferro Corporation in which damages were sought based on the September 17, 2003 chemical release. Plaintiffs asserted that because the other lawsuits were timely filed in a court of competent jurisdiction, prescription on all claims arising out of the September 17, 2003 chemical release was interrupted, making their claims timely.
The trial court granted the exception of prescription, finding that both the Cavalier and Young lawsuits were commenced in an incompetent court as the claims asserted therein far exceeded the $20,000.00 jurisdictional limitation of the Baton Rouge City Court. The court further found that venue was improper in that court because Ferro Corporation's business was outside the city court's territorial jurisdiction and that the alleged tortuous incident occurred outside the court's territorial jurisdiction. The court noted that the defendant was not served until over two months after the prescriptive period had run, and therefore, prescription was not interrupted by the filing of the lawsuits in the Baton Rouge City Court or by service within the one-year prescriptive period. The court also rejected plaintiffs' attempt to rely on the timely filed lawsuits in a court of competent jurisdiction as interrupting prescription on their untimely filed claims, observing that where courts have found prescription to be interrupted by the filing of a claim by one party, all of the parties shared a single cause of action, not where, as here, the parties have different causes of action, even though based on common facts against a common defendant.
Plaintiffs filed a motion for a new trial, which was denied by the trial court on September 22, 2008. This appeal by plaintiffs followed.

DISCUSSION
Delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Louisiana Civil Code article 3462 provides that prescription is interrupted by the filing of a suit in a court of competent jurisdiction and venue. However, if an action is commenced in an incompetent court or in an incompetent venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
Plaintiffs judicially admitted that they failed to file their lawsuits in a court of proper jurisdiction and venue. The stipulated judgments maintaining Ferro Corporation's declinatory exceptions of lack of subject matter jurisdiction and improper venue have acquired the status of a thing adjudged. Moreover, in this appeal, plaintiffs have not even attempted to raise the issue of the jurisdictional competency of the Baton Rouge City Court and acknowledge that the court was one of improper venue. Thus, plaintiffs do not argue that prescription was interrupted as provided for in La. C.C. art. 3462. Instead, they assert that prescription on their claims was interrupted by timely filed lawsuits in the 19th Judicial District Court by other parties seeking damages for the September 17, 2003 chemical release.
In support of this argument, plaintiffs rely on the case of Louviere v. Shell Oil Company, 440 So.2d 93 (La. 1983), in which the Supreme Court held that when several parties share a single cause of action, suit by one interrupts prescription as to all. In Louviere, the court concluded that the filing of a suit by an employer's workers' compensation insurer against a tortfeasor seeking recovery of compensation benefits paid to an injured employee interrupted prescription in favor of the employee during the pendency of the insurer's suit, allowing the employee to file an action for damages against the tortfeasor after the one-year prescriptive period had run. The court reached this conclusion after finding that as between the compensation insurer and employee, there was one principal cause of action, and the compensation insurer was asserting part of the employee's cause of action as a partial subrogee. Louviere, 440 So.2d at 95-96. Plaintiffs insist that because their causes of action are identical to those asserted in the timely filed petitions in the 19th Judicial District Court against Ferro Corporation, the timely filed suits in a court of competent jurisdiction interrupted prescription on their claims.
We disagree. Generally, the filing of a suit by one party to recover damages does not affect the running of prescription against other parties who sustained separate damages in the same accident. Louviere, 440 So.2d at 95. The only exception to this rule is that when parties share a single cause of action, suit by one interrupts prescription as to all. Louviere 440 So.2d at 96 (holding that when several parties share a single cause of action as through partial subrogation, suit by one interrupts prescription as to all); Tureaud v. Acadiana Nursing Home, 96-1262, p. 4 (La. App. 3rd Cir. 5/7/97), 696 So.2d 15, 17 (holding that a wrongful death lawsuit by one sibling interrupted prescription as to the claims of the other siblings because they all qualified as beneficiaries for the purpose of the wrongful death and survival actions); Phillips v. Francis, XXXX-XXXX, p. 6 (La. App. 3rd Cir. 2/6/02), 817 So.2d 107, 110; Jones v. Department of Transportation and Development, State of Louisiana, 94-1908, p. 4 (La. App. 1st Cir. 6/30/95), 659 So.2d 818, 820 (holding that a wrongful death lawsuit by a surviving spouse interrupted prescription on the children's wrongful death claims because the decedent's widow and children share the same wrongful death cause of action).[1]
The plaintiffs in this case do not share a single cause of action but each have a separate and distinct cause of action in negligence to recover their damages arising from the alleged chemical release. Their only relationship to the other plaintiffs who timely filed claims is that they are all seeking damages against Ferro Corporation for an alleged negligent chemical release at Ferro Corporation's manufacturing facility. Under these circumstances, the timely filed lawsuits by the unrelated plaintiffs did not interrupt the one-year prescriptive period applicable to plaintiffs' delictual actions. Accordingly, the trial court correctly granted Ferro Corporation's peremptory exception of prescription.

CONCLUSION
For the foregoing reasons, the judgment dismissing plaintiffs' claims against Ferro Corporation is affirmed. All costs of this appeal are assessed to plaintiffs.
AFFIRMED.
NOTES
[1] The filing of a class action petition suspends the running of liberative prescription as to all members of the class as defined therein. La. C.C.P. art. 596. At oral argument, plaintiffs' attorney argued for the first time in this litigation that a class action petition filed in one of the seven lawsuits interrupted prescription on the instant lawsuits. The record was supplemented to include copies of the seven lawsuits filed by other plaintiffs against Ferro Corporation arising out of the chemical release. These exhibits apparently were attached to a memorandum in opposition to the prescription exception, but were not introduced at the hearing on the prescription exception. There is nothing in the record to indicate that plaintiffs raised this issue in the trial court. This court cannot consider contentions raised for the first time on appeal which were not pleaded in the court below and which the trial court did not address. Johnson v. State, 2002-2382, p. 4 (La. 5/20/03), 851 So.2d 918, 921; Jackson v. Home Depot, Inc., XXXX-XXXX, pp. 6-7 (La. App. 1st Cir. 6/10/05), 906 So.2d 721, 725. Therefore, we decline to consider the issue raised by plaintiffs for the first time at oral argument.