| EARL T. LINDSAY, JR., AND | * | NO. 2019-CA-0360 |
| JOYCELYN L. BUTLER, | | |
| INDIVIDUALLY AND ON | * | |
| BEHALF OF THE DECEDENT, | | COURT OF APPEAL |
| EARL T. LINDSAY | * | |
| | | FOURTH CIRCUIT |
| VERSUS | * | |
| | | STATE OF LOUISIANA |
| PORTS AMERICA | * * * * * * * | |
| GULFPORT, INC., ET AL. | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-01610, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)


David R. Cannella
Christopher C. Colley
Jeremiah S. Boling
BARON & BUDD, P.C.
1515 Poydras Street, Suite 1500
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFFS/APPELLEES


Richard P. Sulzer
Robert E. Williams, IV
Nicole M. Loup
SULZER & WILLIAMS, LLC
201 Holiday Boulevard, Suite 335
Covington, LA 70433

and

Jacques P. DeGruy
Constance C. Waguespack
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163

and

Kevin J. LaVie
Robert J. Barbier
PHELPS DUNBAR LLP
365 Canal Street
Canal Place, Suite 2000
New Orleans, LA 70130—6534


COUNSEL FOR DEFENDANTS/APPELLEES


James M. Williams
Inemesit U. O'Boyle
Zachary R. Smith
CHEHARDY SHERMAN WILLIAMS MURRAY RECILE STAKELUM &
HAYES, LLP
One Galleria Boulevard, Suite 1100
Metairie, LA 70001

and

Brian King
Jason F. Giles
Anthony J. Milazzo, III
James E. Courtenay
Justin A. Reese
The King Law Firm, LLC
2912 Canal Street
Second Floor
New Orleans, LA 70119

COUNSEL FOR INTERVENORS/APPELLANTS

**JUDGMENT VACATED;**
**REMANDED WITH INSTRUCTIONS**
**DECEMBER 4, 2019**

In this wrongful death suit, intervening plaintiffs, Reginald Rivers and Lyndon Rivers ("Intervenors"), appeal the judgment of the trial court maintaining the peremptory exception of prescription in favor of defendants and plaintiffs and dismissing the petition for intervention with prejudice. Intervenors seek to relate the date of the filing of their petition back to the date of the timely filing of the original petition against defendants. The trial court granted the exception of prescription finding that based on *Stenson v. City of Oberlin*, 10-0826 (La. 3/15/11), 60 So.3d 1205, La. C.C.P. art. 1041 applies to the petition for intervention; and, pursuant to the statute, the prescriptive period had lapsed.

We find *Stenson* does not apply and analysis under La. C.C.P. art. 1041 is not required where the parties share a single cause of action. To the extent Intervenors are able to establish with clear and convincing evidence that they are children of the decedent, we find the trial court's dismissal of the petition to intervene premature. Should Intervenors establish a familial relationship, meeting the requirements of La. C.C.P. art. 2315.2, jurisprudence directs that the wrongful

death suit filed by plaintiffs interrupts prescription as to all of decedent's children. Accordingly, we vacate the judgment granting the exception of prescription and remand the matter to allow Intervenors an opportunity to establish decedent's paternity and then consistent with that determination render judgment on the exception of prescription.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

According to the pleadings, in or around 1994, Reginald Rivers met Earl T. Lindsay, Jr. and informed him that he and his brother Lyndon Rivers were the biological children of Earl T. Lindsay, Sr. From 1994 on, Earl T. Lindsay Jr. and Reginald Rivers allegedly carried on a relationship as half-siblings.

On February 18, 2015, Earl T. Lindsay, Sr. died from asbestos-related lung cancer. His children Earl T. Lindsay, Jr. and Joycelyn Butler (collectively "Plaintiffs") filed a wrongful death action against Defendants Georgia Pacific, LLC, Hartford Accident and Indemnity Company, SSA Gulf, Inc., and Ports of America Gulfport, Inc. F/K/A P&O Ports Gulfport, Inc. (collectively "Defendants"). Plaintiffs filed their petition for damages on February 17, 2016, as the surviving descendants of the decedent.

Reginald Rivers and Lyndon Rivers (collectively "Intervenors") subsequently became aware of the Plaintiffs' wrongful death action and attempted to join their half-siblings in the lawsuit to recover damages. Intervenors allege that Plaintiffs downplayed the existence of any litigation and/or refused to allow the Intervenors to join them in the suit. In an effort to preserve their rights, the

Intervenors filed a petition for intervention on May 1, 2017, re-asserting and re-affirming the allegations, exhibits, and assertions contained in Plaintiffs' original petition for damages.[1] Intervenors also alleged that they were the biological children of the decedent.

Defendants filed extensive exceptions to intervention, including exceptions based on prescription. Plaintiffs also filed a peremptory exception of prescription adopting and re-asserting Defendants' arguments. In December 2017, the Intervenors filed a First Amending and/or Supplemental Petition for Intervention and to Establish Paternity. Discovery was permitted and evidence was submitted purporting that (1) the decedent publicly held himself out as the biological father of Intervenors; (2) Plaintiffs knew of their familial relationship with Intervenors; and (3) Earl T. Lindsay, Jr. has a history deemed to involve dishonesty, fraud, and misrepresentation.

A hearing on the exceptions was held. The trial court found that pursuant to *Stenson,* La. C.C.P. art. 1041 is the governing statute in this case, and not La. C.C.P. art. 1153. On this basis, the trial court sustained the exception of prescription and dismissed the petition for intervention with prejudice. Intervenors filed this timely appeal. Intervenors assert that the trial court erred as a matter of law in its application of La. C.C.P. art. 1041 and *Stenson* to find that Intervenors' petition was untimely.

---

[1] The pleadings indicate that Mosi Makori filed the petition on behalf of his father Lyndon Rivers.

## STANDARD OF REVIEW

A judgment granting a peremptory exception of prescription is reviewed *de novo* as the exception raises a legal question. *Scott v. Zaheri*, 14-0726, p. 8 (La. App. 4 Cir. 12/3/14), 157 So.3d 779, 785. "When evidence is introduced and evaluated at the trial of a peremptory exception, we must review the entire record to determine whether the trial court manifestly erred with its factual conclusions." *Id*. (citing *Davis v. Hibernia Nat. Bank*, 98-1164 (La. App. 4 Cir. 2/24/299), 732 So.2d 61, 63). The appellate court should not disturb the factual findings of the trial court unless it is clearly wrong. *Id.* (citing *In re Medical Review Proceedings of Ivon*, 01-1296, p. 5 (La. App. 4 Cir. 3/13/02), 813 So.2d 532, 536). "The standard controlling our review of a peremptory exception of prescription also requires that we strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished." *Id.* (citing *Proctor's Landing Property Owners Ass'n, Inc. v. Leopold*, 11-0668, p. 10 (La. App. 4 Cir. 1/30/12), 83 So.3d 1199, 1206).

## DISCUSSION

On appeal, the parties dispute whether Intervenors' incidental demand is timely. They contend that the issue for this Court to decide is whether Intervenors' incidental demand, asserting a wrongful death claim in a suit filed by Plaintiffs, is governed by La. C.C.P. art. 1041 or whether the petition to intervene should be treated as an amending petition and, therefore, relate back to the date of Plaintiffs' timely filed suit pursuant to La. C.C.P. art. 1153. Both parties devote a significant

4

portion of their appellate briefs, as they did at the hearing in the trial court, to the question of which statute applies in this case. While Intervenors ask this Court to apply La. C.C.P. art. 1153, they argue alternatively that the petition to intervene is timely under a third exception to the general rule on prescription, which the trial court did not address. We find analysis of this third exception necessary in that Intervenors claim they are the biological children of the decedent. We begin, however, by reviewing La. C.C.P. arts. 1041 and 1153 and their application to Reginald and Lyndon Rivers' wrongful death claim asserted in intervention.

"Prescription runs against all persons unless exception is established by legislation." La. C.C. art. 3467. Louisiana law recognizes three exceptions to the general rule: "(1) La. C.C.P. art. 1153 allows an amending petition to relate back to the date of the original pleading; (2) La. C.C.P. art. 1041 allows an additional ninety days for an incidental demand; and (3) in circumstances where the parties share a single cause of action." *Corley Enterprises of Louisiana, Inc. v. Bear Creek Saloon, Inc.*, 18-1147, p. 5 (La. App. 1 Cir. 2/28/19), 273 So.3d 1236, 1239 (citing *Gallagher Bassett Serv., Inc. v. Canal Ins. Co.*, 16-0088 (La. App. 1 Cir. 9/16/16), 202 So.3d 1160, 1164).

Plaintiffs and Defendants jointly contend that the petition to intervene is prescribed on its face as Intervenors filed their petition over two years after decedent's death. Pursuant to La. C.C.P. art. 1041, an incidental demand, like a petition to intervene, is not prescribed if it was not barred at the time the main demand was filed and is filed within 90 days of date of service of the main

5

demand. Plaintiffs and Defendants argue that because the petition for intervention was filed well after 90 days of the main demand, Intervenors' claim has prescribed.

Intervenors assert that La. C.C.P. art. 1153 applies. Considering Plaintiffs refusal to allow Intervenors to join in the original suit, they contend their petition for intervention should be treated as an amending petition relating back to the date of the original petition because it meets the four-factor test set forth in *Giroir v. South La. Med. Ctr. Div. of Hospitals*, 475 So.2d 1040 (La. 1985).

La. C.C.P. art. 1153 states:

When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing the original pleading.

In *Giroir*, the Louisiana Supreme Court applied La. C.C.P. art. 1153 and permitted an amending petition to relate back to the date of the timely filed original petition. The *Giroir* court identified four criteria that must be satisfied in order for an amending petition to relate back to the date of the filing of the original petition: "(1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; [and] (4) the defendant will not be prejudiced in preparing and conducting his defense." *Giroir*, 475 So.2d at 1044.

*Giroir* has since been applied in various situations across Louisiana's appellate courts. In *Stenson*, the Louisiana Supreme Court examined *Giroir* and its application, noting there "had been confusion in the jurisprudence in determining

6

whether La. [C.C.P.] art. 1153 or La. [C.C.P.] art. 10[41] applies to a petition filed by an intervening plaintiff." *Stenson*, 10-0826, p. 4, 60 So.3d at 1208. The Louisiana Supreme Court found that "the cases deciding to apply Article [1041], rather than Article 1153 and/or the *Giroir* factors, to incidental demands such as a petition to intervene in the main demand have adopted the correct approach." *Id.*, 10-0826, p. 13, 60 So.3d at 1214. Relying on the plain language of the statutes, the *Stenson* court determined La. C.C.P. art. 1041 is to be "applied as written." *Id.*

La. C.C.P. art. 1041 provides:

> An incidental demand is not barred by prescription or preemption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third-party defendant within ninety days from service of process of the third-party demand.

By its express terms, La. C.C.P. art. 1041 refers to incidental demands. A petition for intervention is an incidental demand. La. C.C.P. art. 1031. The *Stenson* court concluded that based on the plain language of the statute a petition for intervention may not be treated, for purposes of prescription, as an amending petition under La.C.C.P. art 1153. The Louisiana Supreme Court reasoned that "applying Article 1153 and the factors enunciated in *Giroir* to petitions seeking to intervene in the main demand would expand Article 1153 beyond the scope intended by the legislature." *Stenson*, 10-0826, p. 14, 60 So.3d at 1214.

At the hearing on the exception, the trial court relied on *Stenson* to find that La. C.C.P. art. 1041 applied to the petition to intervene filed by Reginald and Lyndon Rivers. Insofar as the trial court's determination that La. C.C.P. art. 1153 does not apply in light of *Stenson*, we agree. A petition to intervene is an incidental demand and not an amending petition. As *Stenson* points out, La. C.C.P. art. 1153 provides a separate means for determining when an amending petition

7

relates back to the date of the original pleading for prescriptive purposes. *Id.* Moreover, La. C.C.P. art. 1153 "allows a plaintiff to amend *his* petition to add a plaintiff, claim, or defendant, but no code article allows a party or potential party to amend another party's pleading to do so." *Id.* Thus, despite Intervenors claim that but for Plaintiffs' refusal, the petition to intervene in this case would be subject to analysis under Article 1153, this Court is constrained by the statutory language. For that reason, whether Intervenors satisfy the *Giroir* criteria is a moot issue. Review of the plain language of La. C.C.P. arts. 1041 and 1153 dictate that the petition to intervene may not be treated as an amending petition pursuant to La. C.C.P. art. 1153. Relying on *Stenson*, the trial court applied La. C.C.P. art. 1041 and found Intervenors' petition had prescribed where it was not filed within 90 days of the date of service of the main demand.

Contrary to *Stenson*, in *Corley*, the First Circuit held that an insured's timely filed negligence suit interrupted prescription as to the intervention claims asserted by insurer as subrogee. *Id.*, 18-1147, p. 11, 273 So.3d 1236, 1242. The First Circuit addressed the holding in *Stenson* and determined the two cases presented different factual scenarios. *Id.* *Stenson* specifically dealt with the first two of three exceptions to the general rule on prescription. It involved claims brought by city residents for property damage and personal injury caused by sewerage overflow. *Stenson*, 10-0826, p. 1, 60 So.3d at 1206. *Stenson* did not involve a circumstance where the parties shared a cause of action. Analysis of La. C.C.P. art. 1041 was required in that case because there was no interruption of prescription based on any shared cause of action. *Corley*, 18-1147, p. 10, 60 So.3d at 1241-42. In determining whether to maintain Intervenors' petition, the trial court only considered the first two exceptions under La. C.C.P. arts. 1041 and 1153. The

8

factual scenario in this case also differs from *Stenson* and calls into question, at this stage of proceedings, La. C.C.P. art. 1041's application.

Intervenors allege they are the biological children of the decedent. Plaintiffs nevertheless deny any familial relationship to Intervenors and refuse to amend their petition for damages to include them in the wrongful death action of decedent. Intervenors further allege that Plaintiffs downplayed the existence of any litigation with the intention of preventing Intervenors from exercising their right of action and/or joining in the suit. Consequently, Intervenors filed petitions to intervene and to establish paternity in an effort to preserve and exercise their alleged right to bring an action for the wrongful death of the decedent. [2] We find the trial court's reliance on *Stenson* and application of La. C.C.P. art. 1041 is premature where separate grounds may exist for finding prescription has been interrupted. The dispute in this case, as we find it, centers on the third exception to the general rule on prescription and whether Intervenors share a single cause of action with Plaintiffs so as to interrupt prescription. For this reason, we find remand necessary.

La. C.C. art. 2315.2 states that surviving children are among the enumerated list of individuals who have the right to recover damages for the wrongful death of a parent within one year of the death of the deceased. Moreover, "[w]hen several parties share material facts which form the basis of the right to bring an action, suit by one interrupts prescription as to all." *Tureaud v. Acadiana Nursing Home*, 96-1262, p. 4 (La. App. 3 Cir. 5/7/97), 696 So.2d 15, 17 (citing *Louviere v. Shell Oil*

---

[2] Pursuant to La. C.C.P. art. 197, the time period for establishing paternity is one year from the death of the alleged father. The time period established by Article 197 is limited to succession matters only, "and the time for instituting paternity action for the purpose of exercising right to sue for wrongful death is not limited by this article." La. C.C.P. art. 197.

*Co.,* 440 So.2d 93 (La. 1983)). "Once prescription is interrupted by the filing of a suit, interruption continues during the pendency of the suit, and begins to run anew from the last day of the interruption." *Corley*, 18-1147, p. 3, 273 So.3d at 1239 (citing *Louviere*, 440 So.2d at 96-98).

In *Tureaud*, the court found that once the daughter of the deceased filed suit, prescription was interrupted as to all her other siblings. *Id.*, 96-1262, p. 7, 696 So.2d at 18. The Third Circuit reasoned "the court should only focus on the basis of the potential plaintiffs' legal rights. If those rights are the same, then the action is not prescribed." *Id.*, 96-1262, p. 4, 696 So.2d at 17. The Third Circuit further explained "children of the deceased who suffered injuries as a result of an offense share material facts which form the basis of a legal right of action because they each satisfy the requirements for beneficiaries of wrongful death . . . actions under the code." *Id.*, 96-1262, p. 4-5, 696 So.2d at 17*; See also Williams v. Sewerage & Water Board of New Orleans*, 611 So.2d 1383, 1390 (La. 1993) (finding decedent's widow and children share the same wrongful death cause of action).

On February 18, 2015, the right of decedent's children to enforce La. C.C. art. 2315.2 vested. Plaintiffs filed their wrongful death action on February 17, 2016, as two of decedent's surviving children. Intervenors have filed a petition to establish paternity in order to prove they are surviving children of Earl T. Lindsay, Sr. and, therefore, have a right to seek damages for the wrongful death of their father. Pursuant to La. C.C. art. 197, Intervenors must prove paternity by clear and convincing evidence.

The trial court did not rule on the paternity issue before it dismissed with prejudice Intervenors' wrongful death claim. We find remand to the trial court necessary to address the paternity issue before a determination can be made as to

whether Intervenors' cause of action has prescribed. Should Intervenors establish paternity, therefore meeting the requirements of La. C.C. art. 2315.2, jurisprudence instructs that the wrongful death action filed by plaintiff siblings serves to interrupt prescription as to all decedent's children, including Intervenors. *Tureaud*, 96-1262, p. 4, 696 So.2d at 17; *Phillips v. Francis*, 01-1105, p. 5-6 (La. App. 3 Cir. 2/6/02), 817 So.2d 107, 109-110 (finding child's wrongful death action was the same cause of action as mother's claim and therefore, mother's timely filed wrongful death action served to interrupt prescription of child's claim); *Jones v. Dep't of Transp. & Dev., State of La.*, 94-1908 (La. App. 1 Cir. 6/30/95), 659 So.2d 818, 820 (holding because minor child shares the wrongful death cause of action with decedent's other children and surviving spouse, prescription was interrupted with the filing of the other beneficiaries' wrongful death action).

Statutes governing prescription are strictly construed in favor of preserving rather than barring actions. *Fountain v. Lavigne*, 07-0716, p. 3 (La. App. 4 Cir. 3/5/08), 980 So.3d 136, 138. Intervenors should have an opportunity to establish paternity before their claim is dismissed under La. C.C.P. art. 1041, particularly where it is alleged that Plaintiffs knew of Intervenors existence and refused to acknowledge them as the biological children of decedent and/or refused to include them in the litigation. To otherwise dismiss Intervenors' claim would encourage the manipulation of the rules of procedure for the benefit of one party over another.

### *DECREE*

We find the trial court erred in dismissing with prejudice the petition to intervene. Applying the law and facts at hand, we find remand to the trial court appropriate for a hearing to allow Intervenors an opportunity to establish decedent's paternity, which has not been addressed. After a hearing, the trial court

11

is instructed to determine whether Intervenors meet the requirements of La. C.C. art. 2315.2. Thereafter, a judgment consistent with that determination should be rendered as to Plaintiffs and Defendants' peremptory exceptions of prescription. We express no opinion as to the validity of Intervenors' assertions relating to decedent's paternity or the merits of the underlying action. We remand solely because we find the allegations, if proven, present a situation in which Intervenors and Plaintiffs may share the same cause of action for the decedent's wrongful death. Under this factual scenario, *Stenson* and La. C.C. art. 1041 has no application because the wrongful death action of one of decedent's surviving children interrupts prescription as to all decedent's children. For the foregoing reasons, the judgment of the trial court is vacated, and the matter is remanded for further proceedings in line with this opinion.

**JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS**